# Thomas McBride

## *v.*

## James Lynd.

1. TRESPASS BY LIVE STOCK—*of adjacent proprietors—sufficiency of division fences.* In an action to recover for the trespasses committed in the field of the plaintiff by hogs of the defendant, it appeared the hogs entered the plaintiff's field through a division fence, from an adjoining field owned by the defendant, such division fence being owned entirely by the plaintiff: *Held,* the fence was not a partition fence, under the statute, hence, the question of its sufficiency was not involved.

2. Under such circumstances, the rule of the common law prevails, that each man is bound to take care of, and keep his cattle on his own land.

APPEAL from the Court of Common Pleas of the city of Elgin; the Hon. R. G. MONTONY, Judge, presiding.

This was a suit originally commenced before a justice of the peace, in Kane county, by James Lynd, against Thomas

McBride, to recover damages claimed by the plaintiff by reason of the hogs of the defendant entering his field and destroying his crops. The cause was removed into the court of common pleas, where a trial resulted in a verdict and judgment for the plaintiff. The defendant appeals to this court. It appears the hogs entered the plaintiff's inclosure through a division fence, from an adjoining field of the defendant. The division fence was owned by the plaintiff, and was not a partition fence, under the statute on that subject.

Messrs. BOTSFORD & HEALY, for the appellant, contended that it was shown by the evidence, the division fence through which the hogs got into the field of appellee, was not a good and sufficient fence, and, therefore, the appellant was not liable in this action; that the fence belonged to the appellee, and it was his duty to keep it in repair.

Messrs. JOSLYN & WING, for the appellee.

Per CURIAM: The parties were in possession of adjoining fields.

The hogs of appellant were in his own inclosure, and entered upon the field of appellee through a division fence, and committed trespasses upon the crops of the latter, for which he recovered a judgment.

The fence dividing the fields was not a partition fence, under the statute. Hence, the condition or sufficiency of the fence is not involved.

Under such circumstances, appellant was bound to secure his hogs, in his own field, at his peril. The rule of the common law prevails in such cases, that each man is bound to take care of, and keep his cattle, on his own land. *McCormick* v. *Tate,* 20 Ill. 334.

The judgment must be affirmed.

*Judgment affirmed.*