Delaney v. Errickson.

JOHN DELANEY, PLAINTIFF IN ERROR, v. CHARLES ERRICKSON, DEFENDANT IN ERROR.

1. **Trespass on Uninclosed, Uncultivated Lands.** While the owner of domestic animals may lawfully permit them to *wander* upon and depasture the uninclosed, uncultivated lands of others, he has no right to drive them there without the owner's permission, and if he do so he is answerable for whatever damage they may do while there.

2. **Error without Prejudice.** Where a letter-press copy of a writing is erroneously admitted in evidence, if without it the undisputed evidence is ample to support the verdict, it is error without prejudice, and not a sufficient ground for the reversal of a judgment.

REHEARING of case reported in 10 Neb., 492.

LAKE, J.

While a further and more particular examination of this case leads to a different result from that previously

announced, 10 Neb., 492, we find no reason for changing in any respect our former opinion upon the three points therein discussed, but still adhere strictly to all that is there said. Therefore nothing more need here be done than to state briefly the reasons why we now conclude that the judgment of the court below should be affirmed.

At the first hearing the principal point respecting the alleged trespass brought to our notice was whether in this state the owner of domestic animals might lawfully permit them to wander upon and depasture the uninclosed, uncultivated lands of others. And our opinion on that branch of the case did not go beyond this, holding that he could. But, in reality, the record presented the further question, whether the plaintiff in error had the right to *drive* his animals upon such lands for the purpose of pasturage without the owner's permission? This is a very different question from the one previously decided, and we must answer it in the negative.

While it is true that Delaney would not have been answerable for indirect intrusions of his animals upon the land in question, he was not at liberty to drive, or have them driven, and kept there, against the wish of Errickson, as the evidence shows very conclusively that he did. We know of no law requiring as a condition to one's right to the exclusive enjoyment of his own estate as against the willful, injurious acts of others, that he shall keep it inclosed by a fence. No statute, that we are aware of, so declares; and such is not the rule of the common law, which has so great regard "for private property that it will not authorize the least violation of it." 1 Broom & Hadley's Com., Am. Ed., 116.

The theory of the defense to the alleged trespass is shown by an instruction to the jury, requested on be-

half of Delaney, and which the court very properly refused to give. It was in these words: "If you find that the land in question was uncultivated, wild prairie land, and uninclosed, and land upon which the inhabitants of that neighborhood had uninterruptedly herded their cattle and stock from the first settlement of the country, then the plaintiff is not liable in this action." Several other instructions of the same import were also requested and refused; but the court did instruct that if the jury found "that Errickson notified Delaney that he, Errickson, had leased the land in controversy, that he, Delaney, must keep his stock off the same," and that regardless of this notice "Delaney drove, kept, and herded sheep thereon," then they should "find for Errickson whatever damages the stock of Delaney did while so on the land to the grass thereon." Under the evidence this instruction was right, and taken together with the rest of the charge, very properly restricted the jury in the assessment of damages to such as were shown to have been done by the stock, not when simply straying upon the land, but when purposely driven there and kept there through Delaney's agency. Had the evidence merely shown that the cattle wandered upon the land, there would have been no cause of action, and the first instruction requested on behalf of Delaney, which the court refused, would have been proper.

But a single other point made in our former opinion remains to be noticed, and that is the error found in the admission of the letter-press copy of a letter written by the witness Dorsey to Young, the owner of the land, advising him of the fact that he had leased it, and inclosing a draft for the rent received on that account. A further examination of the evidence satisfies us that the error of admitting this copy was without the least prejudice to Delaney, inasmuch as, aside

from this item, there was ample evidence to support the finding that Dorsey was authorized to make the lease. It must be borne in mind that this dispute is not between rival claimants to a legal interest in this land, for Delaney does not pretend to be invested with any right under Young, the acknowledged owner of the fee. Such being the case, very slight evidence of authority to make the lease in one who for years has acted as the agent of the owner in paying taxes and looking after the land will suffice. On this point we quote from Mr. Dorsey's testimony:

Q. State whether that paper you hold in your hand is the lease you executed to Mr. Errickson as the agent of Mr. Young?

A. It is.

Q. As the agent of Mr. Young, as you have testified, state whether you had authority to lease this land?

Objected to by counsel for defendant as incompetent, irrelevant, immaterial, and calling for the conclusion of the witness; also, secondary evidence.

The court. Let the witness state the facts in the case.

Q. Mr. Dorsey, you may state the facts with regard to your authority to lease the land?

A. How far back shall I commence—from the first authority from Mr. Young to act as his agent?

Q. If you think it necessary?

A. Well, sir, I have general power over all of Mr. Young's land.

There were several other statements by this witness during his examination respecting his agency, but we think that this, taken in connection with the fact that Young undoubtedly received the rent through the paid draft exhibited in evidence, and which bore his genuine indorsement to the payer, is sufficient proof

of the validity of the lease, as between these parties at least.

For these reasons we are of opinion that our former judgment of reversal must be vacated, and one now entered affirming in all things that of the court below.

JUDGMENT ACCORDINGLY.