OTIS v. MORGAN.

1. **Trespassing Animals:** IMPROVED LAND: WHAT IS NOT: HERDING
   CATTLE ON. The casting of a single furrow around an 80 acre tract of
   wild and unimproved land, the cultivating of three acres for a garden,
   the breaking of eight acres, and the cutting of some brush on a portion
   of the remainder, do not make the whole tract "improved" land, as
   contemplated by § 1452 of McClain's Statutes; but such acts sufficiently
   indicate the owner's possession of the land, and his purpose to use the
   grass growing thereon, to enable him to maintain an action for dam-
   ages against one who should, without his consent, herd cattle on the
   unbroken part of the land.

*Appeal from Sioux Circuit Court.*

THURSDAY, OCTOBER 18.

THIS is an action to recover damages for an alleged tres-
pass upon the plaintiff's real estate. The cause was submit-
ted to the court upon an agreed statement of facts, and judg-
ment was rendered for the plaintiff. The defendant appeals.

*J. V. Dick* and *Kennedy Bros.*, for appellant.

*Finley Burke*, for appellee.

DAY, CH. J.—The amount in controvesy being less than
one hundred dollars, the judge who tried the cause certified
the questions upon which our opinion is desired as follows:
"First, would a fractional quarter section of about 80 acres
of land, around which a single furrow was plowed, and on
which the owner has a garden of three acres and has broken
eight acres, and on a part of the unbroken land he had cut
down some ash brush preparatory to mowing the same—said
land except the garden and the part broken being in its
natural unbroken state, and all of it unfenced—be all deemed
improved or cultivated land, in the purview of section 1452,
of McClain's annotated Code of Iowa? Second, can the
owner of said land recover damages occasioned by reason of

cattle being herded by defendant on the unbroken part of said land, together with other unbroken lands of other persons in that vicinity. Said herding being without the consent of the plaintiff, the owner of the land in question?"

I. The first question must in our opinion be answered in the negative. If a party should sell eighty acres of land in the condition referred to in this question, and should represent that the whole eighty was improved or cultivated, there can be no question, we think, that the contract of sale could be set aside for fraud. It is so apparent that an eighty acres of land in the condition referred to is not an improved or cultivated eighty, that we feel at a loss to know how to illustrate or support our conclusion by argument. It needs no argument to establish that land in its wild and natural state is not cultivated or improved.

II. Under the circumstances named, can the plaintiff recover damages by reason of cattle being herded on the unbroken land by the defendant? The acts referred to in the first question were sufficient to indicate the plaintiff's possession of the land, and a purpose to make use of the grass by mowing the same. The defendant had no more right to deprive the plaintiff of his property in the grass, and to appropriate it to himself by herding his cattle upon it, than he would have had to go upon the land and mow the grass and appropriate it in that way. It may be that if the cattle of defendant had simply been at large, and had gone upon the lands of plaintiff in the condition referred to, the defendant would not, under section 1452 of the Code, have been liable for the damages. But the case is very different where the owner of the cattle herds and thus confines them upon the lands of another. See *Delaney v. Errickson*, 11 Neb., 533. Whether a party would be liable for herding his cattle upon lands on which there are no visible indications of possession, we do not determine. The second question submitted by the court must be answered in the affirmative. It follows that the judgment must be

AFFIRMED.