## Valentine C. McNeer v. Charles Boone.

1.    FENCES—*What an Owner of Stock May Rely Upon.*—An owner of stock has no legal right to rely upon the sufficiency of the fence of another to restrain his stock, unless it is a partition fence, the defective portion of which has been assigned to such person to maintain.

2.    ANIMALS—*Owner Bound to Restrain at Common Law.*—It is the duty of the owner of stock, under the common law rule, to keep it on his own premises.    When it escapes to the premises of another, it is a trespasser, and the owner of such premises is under no obligation to keep wells thereon and such places covered to secure its safety.

**Memorandum.**—Case; judgment on demurrer to declaration.    Error to the Circuit Court of Douglas County; the Hon. EDMUND P. VAIL, Judge, presiding.    Heard in this court at the May term, 1893, and affirmed.

The opinion states the case.

ECKHART & MOORE, attorneys for plaintiff in error.

J. M. NEWMAN, attorney for defendant in error.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

A demurrer was sustained to the declaration in this, an action on the case brought by McNeer against Boone. The correctness of the ruling of the Circuit Court in this respect is the only question here presented.

· The declaration alleged that McNeer was the owner of a colt which was being pastured by James Smith. That Boone had possession of a pasture adjoining that of Smith, in which he (Boone) had a herd of cattle. That the pasture fields were divided by a "good and sufficient fence," and that Boone's cattle broke down the fence, so that the colt passed through it into Boone's pasture, and strayed to and fell into a well in that pasture, and was killed by reason of the failure of Boone to properly cover the mouth of the well.

It is not averred that the fence was a partition fence either by agreement or under the statute. Construing the pleading most strongly against the pleader it is to be presumed that it was not a partition fence. It is consistent with the declaration that it may have been wholly the fence of the defendant.

That being true, the plaintiff had no right to rely upon it as a means of securing the colt within Smith's pasture. His duty was to keep the colt upon his own premises, and he had no legal reason to rely upon the sufficiency of the fence of another to restrain his colt, unless it was a partition fence, the defective portion of which had been assigned to such other person to maintain. McCormack v. Tate, 20 Ill. 331; McBride v. Lynn, 55 Ill. 411.

It is urged that Boone was required to keep his cattle within his own inclosure, and that he was, by the common law rule in force in Douglas county, answerable for the trespasses of his stock.

True, but there is no averment that his cattle trespassed upon or damaged the property of the plaintiff. At most it only amounts to a charge that defendant's cattle broke down the defendant's fence, so that the colt of the plaintiff escaped

from Smith's pasture and was killed. If the fence did not belong to Smith or the plaintiff, and was not a partition fence, what reason has the plaintiff to complain that it was not maintained? The declaration fails to show that the plaintiff, or Smith, his representative, had any legal right to rely upon the fence as a means of keeping the colt in the pasture of Smith. Their duty was, under the common law rule, to keep the colt on their premises. When it escaped to the premises of the defendant it was a trespasser, and the defendant was under no obligation to keep the mouth of the well covered to secure its safety.

The judgment must be and is affirmed.