JOHN C. BROWN V. NATHANIEL L. SYLVESTER.

FILED OCTOBER 17, 1893. No. 5069.

1. **Cultivated Lands.** Where there is no actual enclosure and it is sought to bring lands within the provisions of section 8, chapter 2, article 3, of the Compiled Statutes, there must be a strip plowed around such land at least one rod in width; and two furrows plowed a rod from each other is not a compliance with the statute.

2. **Animals:** TRESPASS: DAMAGES: LIEN ON STOCK. Where cattle trespass upon the unenclosed land of another party and destroy the hay stacked thereon, the owner may recover the value of the property destroyed, but will have no lien on the stock which destroyed the same.

3. ———: ESTRAY LAW. *Quære*, Whether cattle which have strayed between the 20th of October and the 1st day of April are not subject to the provisions of the estray law.

ERROR from the district court of Sheridan county. Tried below before CRITES, J.

*Wm. Mitchell* and *W. H. Westover*, for plaintiff in error.

*Thomas L. Redlon*, contra.

MAXWELL, CH. J.

This is an action of replevin brought by the plaintiff against the defendant to recover the possession of about seventy head of cattle. On the trial of the cause the jury returned a verdict for the defendant, on which judgment was rendered. The testimony tends to show that the plaintiff and defendant reside in the southern part of Sheridan county, some six or seven miles from each other. Plaintiff is the owner of the cattle in dispute, and in January, 1891, said cattle strayed onto the defendant's homestead, where he had a considerable quantity of hay stacked which the cattle ate up or destroyed. The homestead was unimproved except

a small house built thereon. There were two furrows plowed about one rod apart around the hay. The court instructed the jury as follows:

"1. Section 8 of said act provides that cultivated lands, within the meaning of this act, shall include all forest trees, fruit trees, and hedge rows planted on said lands, also all lands surrounded by a plowed strip, not less than one rod in width, which strip shall be plowed at least once a year.

"2. The court instructs you that said term 'cultivated lands' also includes all plowed fields or gardens or other grounds which are in a state of cultivation or tillage upon which crops have been or may be raised and which do not require further reducing or subduing.

"3. But if on the contrary you find from the evidence that said cattle trespassed upon and damaged said defendant, but not upon his cultivated lands within the meaning of instructions Nos. 7 and 8 above, the defendant would not have any lien on said cattle or any right to take them up or any right to keep possession of them until his damages should be paid. His sole remedy for such damage would be by a civil action against the plaintiff for the recovery of the amount of such damage."

The cause was tried upon the theory that the furrows plowed around the stacks made the land within the furrows enclosed under the statute. We do not think so, however. Section 8, chapter 2, article 3, Compiled Statutes, provides "that cultivated lands, within the meaning of this act, shall include all forest trees, fruit trees, and hedge rows planted on said lands, also all lands surrounded by a plowed strip not less than one rod in width, which strip shall be plowed at least once a year." It is evident that the land does not come within the provisions of the statute, and therefore the defendant had no lien on the stock for the damages. It is probable, however, that he might acquire such lien under the law relating to estrays, but the case was not tried upon that theory and hence the question

is not before us. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.