## OLIVER P. LORANCE V. MILO HILLYER.

FILED DECEMBER 22, 1898.   No. 8548.

1. **Trespassing Animals:** DAMAGES. At common law every one was bound at his peril to keep his cattle upon his own land, and was liable for injuries committed by them while trespassing upon the lands of others, whether such lands were cultivated or uncultivated.

2. **Common Law.** So much of the common law of England as is applicable and not inconsistent with the constitution of the United States and the constitution or laws of this state is in force here.

3. **Trespassing Animals:** DAMAGES: HERD LAW. The herd law (Compiled Statutes 1897, ch. 2, art. 3) was not enacted to do away with the common-law liability of the owners of stock for damages and trespasses committed by them.

4. ———: ———: ———. The object of this herd law was to give one injured by animals trespassing upon his cultivated lands the right to take possession of such animals, invest him with a lien thereon, and the right to hold such animals until his damages were adjusted.

5. ———: ———: ———. The remedy afforded by the herd law to one injured by trespassing animals is not an exclusive one.

6. ———: ———: ———: COMMON LAW. If the common-law rule has been modified by the herd law at all, the extent of the modification is to limit the liability of the owner of trespassing animals to damages committed by them upon cultivated lands.

7. Cultivated Lands: CITY LOTS. A city lot on which are planted fruit trees is cultivated land, within the meaning of section 8 of the herd law.

ERROR from the district court of Gage county. Tried below before STULL, J. *Affirmed.*

*E. O. Kretsinger,* for plaintiff in error.

*L. W. Colby* and *Bush & Bush, contra.*

RAGAN, C.

Milo Hillyer in the district court of Gage county sued Oliver P. Lorance for damages which he alleged he had sustained by reason of the latter's cow trespassing upon his lot, tearing up the grass, shrubbery, and breaking down and destroying certain cherry trees growing thereon. Lorance, in addition to a general denial, pleaded as a defense to such action that his cow was a well-domesticated Jersey milch cow; that on the evening or night before the time when it was alleged she had trespassed on the plaintiff's property he, the defendant, had placed said cow in a good and substantial frame barn and securely fastened the door thereof so that said cow could not escape therefrom; that during the night some chicken thieves opened the door of the barn and turned out said cow; that as soon as he, the defendant, knew that the cow was out he pursued, captured, and returned her to his barn. The district court, on motion of the plaintiff below, struck out of defendant's answer this special matter. On the trial the court instructed the jury that the owner of cattle was liable for all damages done by them upon the cultivated lands of others; and if they found from the evidence that the cow went upon plaintiff's premises and destroyed or damaged his fruit trees, they should find for the plaintiff. Hillyer

had judgment, and Lorance has brought the same here for review on error.

The court did· not err in striking out the affirmative matter in the answer, nor in giving the instruction it did. The evidence shows that the cow of Lorance went upon the lawn or lot of Hillyer and injured the grass, shrubbery, and cherry trees growing thereon. Conceding that the cow escaped from her owner and did this damage without any negligence on his part, still· we think Lorance is liable. At common law every one was bound at his peril to keep his cattle upon his own land, and was liable for injuries committed by them while trespassing upon the lands of others. (*Star v. Rookesby*, 1 Salk. [Eng.] 335; *Rust v. Low*, 6 Mass. 90; *Ricketts v. East & W. I. D. & B. J. R. Co.*, 12 Eng. L. & Eq. 520; *McCormick v. Tate*, 20 Ill. 334; *McBride v. Lynd*, 55 Ill. 411; *D'Arcy v. Miller*, 86 Ill. 102; *Birket v. Williams*, 30 Ill. App. 451; *Lyons v. Merrick*, 105 Mass. 71; *Vandegrift v. Rediker*, 22 N. J. Law 185; *Baker v. Robbins*, 9 Kan. 303.) And so much of the common law of England as is applicable and not inconsistent with the constitution of the United States and the constitution or laws of this state is in force here. (Compiled Statutes, ch. 15.)

It seems to be the contention of counsel for plaintiff in error that his client is protected by article 3 of chapter 2, Compiled Statutes, known as the "Herd Law." The argument is that the cow was not running at large, and that therefore her owner is not liable for damages she committed after she escaped; and that the herd law only makes owners of stock liable for damages they commit when running at large. But we· are not prepared to adopt this contention. The herd law was not enacted to do away with the common-law liability of the owners of stock for damages and trespasses committed by them. The object of that act was to give one injured by animals trespassing upon his cultivated lands the right to take possession of such animals, invest him with a lien thereon and the right to hold such animals until

Lorance v. Hillyer.

his damages were adjusted. But even the remedy afforded by the herd law to one injured by trespassing animals is not an exclusive remedy. (*Keith v. Tilford,* 12 Neb. 271; *Laflin v. Svoboda,* 37 Neb. 368.) At common law the owner of animals trespassing was liable whether the lands trespassed upon were cultivated or uncultivated, and, if this common-law rule has been modified by the statute at all, the modification limits the owner's liability to trespasses committed by his stock upon cultivated lands. This seems to have been the construction placed upon the act by this court in *Delaney v. Errickson,* 10 Neb. 492. But in the case at bar the lawn or lot of Hillyer was cultivated land, within the express language of section 8 of the herd law, which declares: "Cultivated lands, within the meaning of this act, shall include all forest trees, fruit trees, and hedge rows planted on said lands." Cases cited by counsel in support of his contention are: *Kinder v. Gillespie,* 63 Ill. 88; *McBride v. Hicklin,* 24 N. E. Rep. [Ind.] 755; *Wolf v. Nicholson,* 27 N. E. Rep. [Ind.] 505. These cases are not in point. In the case from Illinois the plaintiff's horses escaped from his inclosure. He immediately went in search of them, but before he found them, they were seized by a police constable, who impounded them under the ordinances of the city. But the court held that the horses were not running at large within the meaning of the ordinance of the city, and therefore the constable had no right to their possession as against the owner. The other two cases cited are similar to the Illinois case. The judgment of the district court is

AFFIRMED.