LEADORE I. RANDALL V. JOHN GROSS.

FILED JANUARY 21, 1903.   No. 12,699.

Commissioner's opinion, Department No. 2.

1. **Replevin: ANSWER: RULES OF PLEADING.** In an action in replevin the defendant may, if he so desires, plead his defenses specifically; and when he does, his answer will be subject to the ordinary rules of pleading in other civil cases.

2. **Herd Law: COMMON-LAW LIABILITY.** The enactment of the herd law does not take away the common-law liability of owners of stock for damages on account of trespasses committed by such stock on cultivated lands.

3. ———: **ARBITRATION: CONSTRUCTION.** Under the provisions of the herd law, "the object of the provision for arbitration is to afford a speedy and inexpensive mode of ascertaining the damages sustained by trespass of stock upon cultivated lands. Courts construe proceedings of this kind with great liberality in all matters except as to the jurisdiction." *Haggard v. Wallen*, 6 Nebr., 271, followed and approved.

4. **Procedure Under Herd Law.** In proceedings under the herd law, the filing of a notice and proof of damages with a justice of the

Syllabus by court; catch-words by editor.

peace is sufficient to give him jurisdiction, without the issuance and service of a summons.

5. **Statute:** PROCEDURE: ACTION IN REM. *Held,* that sections 3, 4, 5 and 6, article 3, chapter 2, Compiled Statutes (Annotated Statutes, secs. 3130, 3131, 3132 and 3133), entitled the "Herd Law," provide a reasonable method of procedure in the nature of an action *in rem* against trespassing stock, and that proceedings under these sections are not in conflict with constitutional guaranties.

ERROR from the district court for Lancaster county. Action in replevin to recover possession of impounded swine. Plea of herd law. Demurrer by plaintiff. Sustained. Tried below before FROST, J. Judgment for possession and one cent damage. *Reversed.*

*William L. Browne* and *Frank B. Sidles,* for plaintiff in error.

*George M. Nicholson, contra.*

OLDHAM, C.

This action was a suit in replevin for three hogs alleged to have been the property of the plaintiff. The petition was in the ordinary form. The defendant, instead of availing himself of the ordinary method of pleading in replevin, by filing a general denial, pleaded specially, alleging that at the time of the commencement of the action he was rightfully in possession of the property in dispute; that he is the owner of certain cultivated lands (describing them), a large part of which was at the time the action accrued in growing corn; that the hogs claimed by the plaintiff were trespassing upon his said premises, damaging and destroying the corn, to his injury in the sum of $10, when they were taken up and impounded by him. The answer then sets out the provisions of the herd law, under which defendant claimed a lien on the animals, and alleges that two hours after he had taken the animals up, and before he had had time to ascertain the owner and serve notice, as required by the statute, the plaintiff instituted the replevin action and took the property under process in said suit

without making any tender or payment of damages demanded by the defendant. Plaintiff demurred to this answer, alleging that it failed to state facts sufficient to constitute a defense and further alleging that article 3, chapter 2, Compiled Statutes (Annotated Statutes, secs. 3128-3140), entitled the "Herd Law," was in violation of the provisions of the constitution and contrary to the public policy of the state of Nebraska. This demurrer was sustained by the court and defendant refusing to further plead, plaintiff was given judgment for the possession of the property in dispute and one cent damages and costs of the action, and defendant brings error to this court.

While it is the general and approved practice in this state for a defendant in a replevin action to interpose his defenses under a general denial, yet this method of pleading is not compulsory upon the defendant. If he desires to plead specifically his defenses, he may do so; in which event the ordinary rules of pleading will be applied to his answer. *Westover v. Vandoran,* 29 Nebr., 652. Consequently we must treat the answer of defendant filed in this case as we would an answer in any other civil action, and determine whether or not any sufficient defense was pleaded to plaintiff's cause of action.

At common law the owner of live stock was bound, at his peril, to keep his stock within his own enclosures, and was liable for injuries committed by them while trespassing upon the lands of others, and such stock were liable to be impounded damage-feasant by the owner of the lands on which they were found trespassing; hence, if the common-law liability against stock trespassing upon the premises of others exists in this state, it is self-assertive that the answer in the case at bar did state a good defense to the cause of action. Section 1, article 3, chapter 2, Compiled Statutes (Annotated Statutes, sec. 3128), commonly known as the "Herd Law," provides, in substance, that owners of cattle, horses, mules, swine and sheep in this state shall be liable for damages done by such stock upon the cultivated lands in this state, as herein

23

provided by this act; and section 2 (3129) of the act, gives the person whose property is damaged a lien upon the trespassing animals for the amount of the damages and costs. With reference to these sections of the herd law, it has been said by this court, in the case of *Lorance v. Hillyer,* 57 Nebr., 266, 268, "The herd law was not enacted to do away with the common-law liability of the owners of stock for damages and trespasses committed by them. The object of that act was to give one injured by animals trespassing upon his cultivated lands the right to take possession of such animals, invest him with a lien thereon, and the right to hold such animals until his damages were adjusted. But even the remedy afforded by the herd law to one injured by trespassing animals is not an exclusive remedy. *Keith v. Tilford,* 12 Nebr., 271; *Laflin v. Svoboda,* 37 Nebr., 368." Section 3 (3130) of this act provides, in substance, that "when any such stock shall be found upon the cultivated lands of another, it shall be lawful for the owner or person in possession of said lands, to impound said stock," and that; if the owner of the stock can be found and is known to the taker-up, he shall notify the owner by leaving a written notice at his usual place of residence, with some member of his family over the age of fourteen, or, in the absence of such person, by posting a copy of such notice on the door of said residence, of the taking up the stock, describing it, and stating the amount of damage claimed, also the name of his arbitrator, and requiring the owner within forty-eight hours after receiving said notice to take said property away, after making full payment of all damages and costs to the satisfaction of the taker-up of the trespassing animals. This section, then, prescribes a form of notice, and provides that no claim for damages shall be maintained by the taker-up unless the notice, contemplated in this section, shall have been given, when the owner is known. Section 4 (3131) provides, in substance, that if the owner of the stock shall refuse, within forty-eight hours after receipt of the notice in writing, to pay the damages

claimed, or appoint an arbitrator to represent his interest, said animal or animals shall be sold upon execution, as required by law, when the amount of the damages and costs have been filed with a justice of the peace in the county within which said damage may have been sustained. Section 5 (3132) provides, in substance, that where the parties can not agree to the amount of damages and costs, each party may choose a man, and if the two can not agree, they may choose a third, who, after being duly sworn, shall proceed to assess the damages, possessing for the purpose the general powers of arbitrators. Section 6 (3133) provides, in substance, that the arbitrator or arbitrators shall make an award in writing, which, if not paid within five days after the award has been made, may be filed with any justice of the peace in the same county, and shall operate as a judgment, and the judgment shall be a lien upon the stock taken up, and that execution may issue upon said stock for the collection of the damages and costs as in other cases, and provides that either party may have an appeal from the judgment, as in other cases before justices of the peace. It also provides that if, before the trial by said arbitrator or arbitrators, the owner of the stock shall tender to the person injured an amount in lieu of said damages and costs which may have accrued which shall equal the amount of damages afterward awarded by the arbitrators, court or jury, or shall offer in writing to confess judgment for the same, and if notwithstanding the said injured party, refusing said offer, causes the trial to proceed, he shall pay the costs, etc.

It is claimed by counsel for defendant in error that the provisions of sections 3, 4, 5 and 6 (3130, 3131, 3132 and 3133) of this act, which have been quoted in substance, are contrary to the provisions of the constitution of the state of Nebraska and to the fourteenth amendment to the constitution of the United States, in permitting the taking of property without due process of law. It is also urged against these provisions that they

contemplate the sale of property without the judgment of a court of competent jurisdiction, and that they oust courts of a proper jurisdiction by compelling arbitration of the amount of damage, and are generally contrary to the public policy of the state.

In the first place, the provisions of these sections do not prescribe an exclusive, but, rather, a cumulative remedy, for recovering damages caused by trespassing stock, and there is nothing in any section of the act that prevents the owner of the stock from having his rights determined by a court of competent jurisdiction. · Section 3 (3130), above quoted, is but a reasonable provision under which the party damaged may make his lien effective; and the primary requirement of that section is that he shall serve notice on the owner of property, when found in the county, and that in his notice he shall state the amount of damages' which he claims, and that he shall name an arbitrator to whom he is willing to submit the question of fixing the damages. This section leaves it entirely optional with the owner of the stock whether he will name an arbitrator or not. Section 4 (3131) simply provides that if after receipt of the notice the owner of the property refuses for forty-eight hours to either appoint an arbitrator or pay the amount of damages claimed, then the injured party may proceed in his absence, and file proof of the notice and amount of damages claimed with a justice of the peace in the county where the damages have been sustained. The provisions of section 5 (3132) are not compulsory upon either of the parties. This section simply points out a method of arbitration by agreement, of which the interested parties may, if they desire, avail themselves. Section 6 (3133) provides that where an arbitration has been had, either party dissatisfied with the award of the arbitrators may appeal from the judgment of the justice with which such award has been filed, as in any other case before a justice of the peace. So there is nothing in any of these sections that compels the owner of property to submit his cause to arbitration

against his will, nor is there anything that prevents him from having a full and fair trial of his right of property before a court of competent jurisdiction. Section 6 further provides that the owner of property, when notified, may either pay such sum or offer to confess judgment for such sum as he believes is fair for the damage done by his stock, and if the plaintiff refuse the offer and continue either the arbitration or trial of the cause, it must be at his own costs, unless he recovers a greater amount than the sum offered. So, even under the provisions of this section, the owner of stock, after tendering the proper amount of damages sustained, might replevin the stock and prevail in the action, unless the owner of the land would show himself entitled to a greater amount of damages than the sum tendered. In short, we see nothing in the various provisions of this statute which attempts to do anything other than to provide a reasonable and an expedient means of protecting the lien which the owner or occupant of cultivated lands has on stock found trespassing on his premises. *Holmes v. Irwin,* 17 Nebr., 99. With reference to the provisions for arbitration in this statute, it was said by this court, in the case of *Haggard v. Wallen,* 6 Nebr., 271, that "the object of the provision for arbitration is to afford a speedy and inexpensive mode of ascertaining the damages sustained by trespass of stock upon cultivated lands. Courts construe proceedings of this kind with great liberality in all matters except as to the jurdisdiction." In *Holmes v. Irwin, supra,* it was held that the filing of proof of damages and service of notice with the justice was sufficient to give him jurisdiction, without the issuance and service of summons. It is plain from the cases already cited that this court has long looked upon the provisions of this statute as reasonable, constitutional and binding; and an examination of the adjudications of sister states on statutes similar in kind leads us to the conclusion that where the statute makes reasonable provisions and gives an opportunity for judicial investigation and provides for notice, either personal or by publication, to the owner of

the trespassing animals before final judgment, the strong trend of authority is to hold that such statutes constitute a reasonable procedure in the nature of an action *in rem* against trespassing stock, and that proceedings under them are due process of law, and not in conflict with constitutional guaranties. Ingham, Law of Animals, p. 309; *Campbell v. Evans*, 45 N. Y., 356; *Hellen v. Noe*, 3 Ired. Law [N. Car.], 493.

It follows from this course of reasoning that the learned trial judge erred in sustaining the demurrer to defendant's answer, and we therefore recommend that the judgment of the lower court be reversed, and the cause remanded for further proceedings.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

NOTE.—*Estray—Taker-Up—Use of Animal.*—The taker-up of an estray can not use it except when necessary for its preservation or for the benefit of the rightful owner, and if the taker-up do so he forfeits his claim for compensation, besides subjects himself to an action of trespass. *Weber v. Hartman*, 7 Colo., 13, 1 Pac. Rep., 230, 49 Am. Rep., 339; *Barrett v. Lightfoot*, 1 T. B. Monroe [Ky.], 241, 15 Am. Dec., 110. See, also, *Butler v. Cook*, 14 Ala., 576.—W. F. B.