ANGUS CATTLE COMPANY, APPELLANT, V. GILMORE McLEOD
ET AL., APPELLEES.

FILED APRIL 3, 1915. No. 18067.

1. Animals: TRESPASS: LIABILITY. Section 109, Rev. St. 1913, provides, among other things, that "the owners of cattle, horses, mules, swine and sheep in this state, shall hereafter be liable for all damages done by such stock upon the cultivated lands" of another.

2. ———: ———: ———: LIEN. An action will not lie in this state for damages done by cattle, mules, swine or sheep ranging at large upon uncultivated lands; but, if the owner of such stock drives them upon the lands of another, he is liable for all the damages done by them while there, and the owner of the land who takes up and impounds such trespassing animals has a lien on them to the amount of the damages done by them and for the value of the care and feed of such animals while they are impounded.

3. ———: ———: ———. A cornfield is cultivated land within the meaning of the statute, and the owner of live stock is liable for the damages caused by such live stock while they are trespassing upon such cultivated land.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

A. W. Scattergood, John N. Tucker and J. H. Broady, for appellant.

Switzler, Goss & Switzler and Walcott & Walcott, contra.

BARNES, J.

Appeal from a judgment of the district court for Cherry county in an action of replevin.

It appears that the plaintiff and the defendant John W. Collins are the owners of adjoining cattle ranches in Cherry county, and Gilmore McLeod is Collins' foreman; that defendant's ranch was inclosed by a fence, but the plaintiff, having purchased a tract of land adjoining the defendant's premises on the east, had removed a line of fence about three-eighths of a mile in length along or near

the east side of defendant's meadow. On the 11th day of April, 1912, plaintiff turned its stock out to graze on its own land adjoining defendant's meadow. About 200 head of the cattle came onto the meadow, which was soft, tramped it up, and otherwise injured the land. Defendants notified plaintiff of that fact, and asked it to keep its cattle away from their premises. Plaintiff refused to comply with the request, and there is evidence in the record tending to show that its cattle were driven onto defendant's land. This course continued from day to day until the 17th of April, 1912, when defendants found some of plaintiff's cattle in their cornfield feeding on their cornstalks. The defendants thereupon took up 54 head of plaintiff's cattle, confined them in their corral, and drove the rest of the herd away in the direction of plaintiff's ranch buildings. The defendants thereupon served a written notice on plaintiff that they had impounded the 54 head of cattle and claimed damages for and on account of the trespass. Plaintiff received the notice, and went to defendant's premises, where certain negotiations took place. The defendants named an arbitrator to assess their damages, but the plaintiff failed to complete the negotiations, and on the 22d day of April, 1912, replevied its cattle. Issues were joined, a jury was waived, and the case was tried to the court. The result of the trial was a finding that defendants were entitled to the possession of the cattle and had a lien on them for $100. The usual judgment in replevin was awarded defendants, and plaintiff has appealed.

The appellant contends that the findings and judgment are not supported by the evidence and are contrary to law. In support of this contention the appellant cites *Delaney v. Errickson*, 10 Neb. 492, and *Meyers v. Menter*, 63 Neb. 427, where it is said: "An action will not lie in this state for damages done by cattle, mules, swine or sheep ranging at large upon uncultivated land." As we view these cases, they are not decisive of the question presented by this appeal. There was a motion for a rehearing in *Delaney v. Errickson*, and the opinion on the rehearing is reported

in 11 Neb. 533. It was there said: "While the owner of domestic animals may lawfully permit them to *wander* upon and depasture the uninclosed, uncultivated lands of others, he has no right to drive them there without the owner's permission, and if he do so he is answerable for whatever damage they may do while there." In *Meyers v. Menter, supra,* it was held that plaintiff was entitled to recover because a part of the land upon which defendant's cattle trespassed was cultivated land on which certain crops were growing which were not spontaneous products of the soil. It clearly appears in the instant case that defendants had between 20 and 30 acres of their land which had been planted to corn, and the stalks, still standing thereon, were used as feed for their stock; that at the time defendants took up the plaintiff's cattle they were trespassing upon this cultivated field. Again, it is shown by the testimony of some of defendants' witnesses that the plaintiff's cattle were driven upon defendant's meadow, which had been used for cutting hay for many years, and defendants had some stacks of hay thereon from which plaintiff's cattle were feeding. Section 109, Rev. St. 1913, provides: "The owners of cattle, horses, mules, swine and sheep in this state, shall hereafter be liable for all damages done by such stock upon the cultivated lands in this state." we are therefore of opinion that the evidence was sufficient to sustain the findings. It also appears that after defendants impounded plaintiff's cattle they fed them hay and cared for them until they were taken upon the writ of replevin. The defendants were clearly entitled to a lien for the value of feed and care, together with the damages to the meadow and cultivated land.

It follows that the judgment of the district court was right, and should be affirmed.

JUDGMENT ACCORDINGLY.

MORRISSEY, C. J., LETTON and SEDGWICK, JJ., not sitting.