## Joseph Novak, Appellee, v. Henrietta Shoup, Appellant.

### Gen. No. 6,430.

1. ANIMALS, § 24*—*what rule obtains as to cattle running at large.* The common-law rule concerning the running at large of domestic cattle is in effect in Illinois.

2. ANIMALS, § 24*—*what is rule at common law as to restraining cattle from trespassing.* At common law every owner of cattle was bound to keep them in such way that they would not trespass upon the land of another at his peril, and was answerable for their trespass as for his own.

3. ANIMALS, § 26*—*when law as to partition fences does not apply.* The question of partition fences between adjoining landowners and the legal obligations concerning them has no effect upon the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

right of recovery of plaintiff for trespass upon his lands by defendant's cattle, where their lands do not join and plaintiff has no obligation to keep up any partition fence at any of the places through which the cattle strayed on their way to his land.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

JESSE BLACK, JR., for appellant.

QUINN & QUINN, for appellee; FRANK J. QUINN, C. V. O'HERN and HAROLD R. SCHRADZKI, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The controversy in this case concerns certain damage done by the cattle of appellant to the corn in the field of the appellee. It was stipulated by the parties that the amount of the damage done was $15. To recover this, a suit was brought before a justice of the peace in Peoria county. A judgment was rendered against the appellant. The case was thereupon appealed to the Circuit Court, where a trial was had by the court, a jury having been waived; and a judgment was rendered in favor of appellee, and against appellant, for the amount of the damage agreed upon, and from this judgment an appeal is prosecuted to this court.

Certain facts pertaining to the controversy were agreed upon and embodied in a stipulation; upon other points evidence was offered. From the stipulated facts and the evidence adduced, as disclosed by the record, it appears the appellant and the appellee were owners of certain lands, separated by intervening lands of other parties, in Limestone Township, Peoria county. The land of the appellee, upon which the damage was done by appellant's cattle, joined the land of Mrs. Peters on the west, and on the south it joined the land of George Dornberger. The land of the appellant joined Mrs. Peters' land on the north

and the Dornberger land on the east. There were partition fences and partition fence agreements between the appellee and Mrs. Peters, concerning the fences on their line, and between the appellee and George Dornberger, concerning their lands which joined, and between Mrs. Peters and the appellant, concerning their adjoining lands. The cattle in question made their way from the appellant's land to the land of Mrs. Peters, and from thence to the land of the appellee.

Since the decision in *Bulpit v. Matthews,* 145 Ill. 345, it has been the settled law of this State, that the passage of the Act of 1874 by the General Assembly, concerning the running at large of domestic animals, had the effect of putting in force the common-law rule in this State. *Bulpit v. Matthews, supra; Walters v. Stacey,* 122 Ill. App. 660; *McPherson v. James,* 69 Ill. App. 337; *Walsh v. Hertzog,* 154 Ill. App. 503; *Mailloux v. Cleveland, C., C. & St. L. Ry. Co.,* 164 Ill. App. 628.

By the common law every owner of cattle was bound to keep them in such a way that they would not trespass upon the land of another, at his peril; and he was answerable for the trespasses of his cattle, as if they were his own trespasses. 3 Bl. Com. 211; 2 Waterman on Trespass, sec. 856; Cooley on Torts 337. In this case, therefore, it was the duty of the appellant so far as concerned the rights of the appellee to keep her cattle upon her own land, and prevent them from getting upon appellee's land. The evidence is conclusive that she did not do so. When the cattle strayed away from her land they did so at her peril, and not at the peril of the appellee.

Much stress is laid by appellant upon the matter of the division fences, and the obligations of the respective owners of the adjoining lands to keep them up. It is clear, however, from the evidence and the stipulated facts that the appellee had no obligation to keep

up any partition fence at any of the places through which the cattle strayed on their way to his land. Moreover, the appellant and the appellee were not adjoining landowners, and the question of the partition fences between adjoining landowners and the legal obligations concerning them has no real significance in this case, and does not affect the appellee's right to recover. *McNeer v. Boone,* 52 Ill. App. 181; *Selover v. Osgood,* 52 Ill. App. 260.

The appellant was clearly liable, under the facts and the law of this State, for the trespasses committed by her cattle and the damages resulting therefrom. The judgment is affirmed.

*Affirmed.*