OSCAR W. FIENE, APPELLEE, v. MAURICE ROBERTSON, APPELLANT.

171 N. W. 2d 179

Filed October 10, 1969. No. 37235.

Fancis M. Casey, for appellant.

Beynon, Hecht & Fahrnbruch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action to recover for hay stacked on plaintiff's premises and consumed by defendant's cattle. Trial was had to the court and plaintiff recovered judgment. We affirm the judgment of the district court.

Plaintiff and defendant owned adjoining farms separated by division fences. Plaintiff had baled hay stacked or piled adjacent to the division fence. Defendant, in accordance with custom, rebuilt the right or east half of the fence, offered to assist plaintiff's tenant in rebuilding the remainder, and nothing being done, made some repairs thereon himself. Notwithstanding such repairs, the west half of the fence was not in condition to prevent defendant's cattle from trespassing upon plaintiff's land and damaging plaintiff's hay.

It appears to be defendant's theory that he is not responsible for the damage inflicted by his cattle because plaintiff negligently or willfully refused to repair his portion of the division fence. This theory is not convincing.

At common law the owner of livestock was liable for any damage done by it, while trespassing upon the lands of others, whether such lands were cultivated or uncultivated. See Lorance v. Hillyer, 57 Neb. 266, 77 N. W. 755.

Under existing statutes such liability is limited to trespass upon cultivated lands. See § 54-401, R. R. S. 1943. To render the owner liable for a trespass upon uncultivated lands, a willful trespass must be alleged and proven. See Meyers v. Menter, 63 Neb. 427, 88 N. W. 662.

In the present instance, the trespass was upon

cultivated lands and it is immaterial whether it was willful or not. Whether or not plaintiff was negligent in maintenance of the division fence is also immaterial. Section 54-401, R. R. S. 1943, provides: "The owners of cattle * * * shall hereafter be liable for all damages done by such stock upon the cultivated lands in this state as provided by section 54-402." Section 54-402, R. R. S. 1943, provides: "All damages to property so committed by such stock running at large shall be paid by the owners of such stock; * * *." Under the statutes, as under the common law, the burden of restraining domestic animals is placed squarely upon the owner, and ordinarily no excuse for failure to restrain them is recognized.

It appears from the record that defendant may have had a just grievance occasioned by plaintiff's failure to maintain a just proportion of the division fence as contemplated by section 34-102, R. R. S. 1943. Nevertheless, this did not justify or excuse the trespass by defendant's cattle. On the contrary, defendant's remedy was to compel plaintiff to maintain the fence in the manner provided by Chapter 34, article 1, R. R. S. 1943.

The judgment of the district court is affirmed.

AFFIRMED.