INEBA RANCH, A PARTNERSHIP, APPELLANT, V. WILLIAM R. COCKERILL, DOING BUSINESS AS COCKERILL FEEDING COMPANY, APPELLEE.

271 N. W. 2d 44

Filed November 1, 1978. No. 41637.

Richard J. Bruckner, for appellant.

David L. Buelt and Michael D. Jones of Ellick, Spire & Jones, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

This is an appeal from the judgment of the District Court in a law action. Trial was to the court. The trial court found for the defendant. Plaintiff appeals. We affirm.

In March 1975, the plaintiff shipped approximately 475 head of cattle to the Omaha Stockyards for sale. A number of the cattle tested positively for brucellosis or "bangs" disease. As a result, the cattle were required to be quarantined for 30 to 60 days prior to sale. Those cows which were thought to be pregnant (approximately 400) were sent to the defendant's feedlot in Sarpy County. Many of these cows did calve during the quarantine period. The cows which were thought not to be pregnant (approximately 75) were sent to another commercial feedlot.

The plaintiff agreed that defendant would place the cattle on a "weight maintenance" ration during the quarantine period. Plaintiff contends this weight maintenance was not achieved by the defendant. The defendant contended that the weight was generally maintained and any weight loss was due to the generally poor condition of the cattle or calving.

The judgment of the trial court in a law action has the effect of a jury verdict and should not be set aside unless clearly wrong. In determining the sufficiency of the evidence to sustain the judgment, that evidence must be considered most favorably to the successful party and every controverted fact must be resolved in that party's favor. The successful party is also entitled to any inference reasonably deducible from the evidence. See Burgess v. Curley Olney's Inc., 198 Neb. 153, 251 N. W. 2d 888.

The cattle were not weighed prior to shipment. The plaintiff's evidence indicated that the Ineba cows weighed 750 to 800 pounds upon delivery to defendant's yards; and that they were in good condition and weighed only 600 to 675 pounds at the end of the quarantine. The plaintiff also introduced evidence tending to show that the 75 head of cattle sent to another feedlot did considerably better than the 400 head left in the care of the defendant.

In response to this evidence, the defendant offered the testimony of Dr. Norman B. Jernigan, a veterinarian, and of several other people who observed the Ineba cattle. Dr. Jernigan described the cows as being thin and in generally poor condition when he first saw them shortly after their arrival at the defendant's feedlot. He expressed the opinion that if there was any weight loss, it was due to this poor condition or to calving. John Thomas Farrell, a consignment seller of livestock who observed the Ineba cattle, expressed a similar opinion. Gary Gardner, terminal manager for the trucking company which shipped the cattle to defendant's yard, described them as being "thin" at the time of shipment.

It is not for this court to resolve the conflict in the evidence. The credibility of the witnesses and the weight to be given their testimony are for the trier of fact. See Insurance Co. of North America v. Hawkins, 197 Neb. 126, 246 N. W. 2d 878. Clearly, there was evidence sufficient to support the judgment of the trial court. Considering, as we must, the evidence most favorable to the defendant, it could be found that the Ineba cattle maintained their initial weight during their stay at defendant's feedlot, Cockerill Feeding Company, or that any weight loss was due to preexisting disease or the effects of calving.

The judgment of the trial court, not being clearly wrong, is affirmed.

AFFIRMED.