EMIL FUCHSER, APPELLEE, V. MYRON JACOBSON, APPELLANT.

290 N. W. 2d 449

Filed March 25, 1980. No. 42602.

Judy L. Raetz of Raetz & Bergfield, for appellant.

Michael T. Varn, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY and HASTINGS, JJ., and CLARK and FAHRNBRUCH, District Judges.

CLARK, District Judge.

In an action for damages caused by the impregnation of plaintiff's purebred Hereford cow by defend-

ant's trespassing purebred Angus bull, the Small Claims Court of Sheridan County found for the plaintiff in the amount of $300 with costs taxed to the plaintiff. On appeal, the District Court for Sheridan County, Nebraska, found for the plaintiff in the amount of $400 and costs. Defendant appeals. We affirm the judgment of the District Court.

Plaintiff, a breeder of purebred Hereford cattle, maintained his cows in a fenced pasture which had previously been farmed and which was at the time of the incident planted into crested wheat grass. This pasture adjoined land owned by the defendant. By agreement, it was the obligation of defendant to maintain part of the fence which separated the pasture containing plaintiff's cows from land owned by the defendant.

In May 1977, plaintiff found one of defendant's Angus bulls in plaintiff's pasture contesting one of plaintiff's purebred Hereford bulls for the favors of one of plaintiff's purebred Hereford cows which was in heat at the time. Defendant does not contest this fact, nor the fact that, following the normal gestation period, the cow in question gave birth to a white-faced black calf. Testimony was received that such a calf could only be the product of cross-breeding of the cow with a black Angus bull. Defendant does not seriously contest the fact that the calf was the result of impregnation by his Angus bull. There was no evidence of any other black bull having access to the cow in question.

Testimony was received that the value of a pure-bred cow, maintained for breeding purposes, would be reduced to the value of a commercial cow upon knowledge that it had been impregnated by a bull which was not a purebred animal of the same breed. Plaintiff testified that the value of the cow before breeding by defendant's bull was $1,200 and that her value after breeding was approximately $600. Other expert testimony was received to the effect that the

value of defendant's cow as a purebred was in a range of from $700 to $2,000, but that her value as a commercial grade cow during the period in question was approximately $300 to $400.

Defendant conceded that the part of the fence which it was his obligation to keep in repair was not in good condition, needed repair, and, further, that dirt had piled up so as to cover the fence in some places. The state of disrepair had been brought to defendant's attention by plaintiff, who had offered to help defendant repair it. Defendant also testified that the fence was insufficient to restrain a bull, although he also stated he did not think any ordinary fence was sufficient.

Defendant further testified that his bulls were not ordinarily kept on the land adjoining plaintiff's pasture, but were kept in a location further removed and were fenced in by an electrified "hot wire" which admittedly often failed to function due to shorting out of the electrical power.

Defendant assigns as error that the District Court erred in: (1) Finding that the defendant failed to restrain his animal and in disregarding the obligation of the plaintiff to take adequate safeguards, and (2) its assessment of damages.

This matter originated in Small Claims Court where no formal pleadings are required. On appeal, it was tried de novo to the court without a jury pursuant to statutes. §§ 24-526 and 24-527, R. R. S. 1943. Inasmuch as no specific theories of recovery are required to be pleaded in Small Claims Court, that court's decision must be affirmed by the District Court if it can be founded on any theory supported by the evidence.

"Generally, at common law the owner of domestic animals is under an absolute duty to keep them restrained on his own property, and is liable for their trespasses on the land of another person. The rule applies whether the lands trespassed upon are

cultivated, inclosed [sic] or uninclosed. . . .

"Under the general rule the liability of the owner for damages resulting from trespasses committed by his animals upon the lands of others is absolute, and depends in no degree upon the question of his negligence. . . ." 3A C. J. S. Animals, § 241, p. 752. See, also, Fiene v. Robertson, 184 Neb. 668, 171 N. W. 2d 179 (1969).

"The common-law liability of owners of trespassing animals may be modified by statutes . . . limiting the liability to trespasses on particular types of land." 3A C. J. S. Animals, § 242, p. 754, citing Randall v. Gross, 67 Neb. 255, 93 N. W. 223 (1903).

Nebraska's statute on liability for damages to owners of trespassing animals modifies the common law liability only in that it restricts liability to trespasses on "cultivated lands." § 54-401, R. R. S. 1943. Section 54-408, R. R. S. 1943, defines "cultivated lands" to "include all forest trees, fruit trees and hedgerows planted on such lands, also all lands surrounded by a plowed strip not less than one rod in width, which strip shall be plowed at least once a year." See, also, Randall v. Gross, *supra*.

Defendant conceded in oral argument before this court that, if the lands involved in this case were cultivated lands within the meaning of section 54-408, the defendant would be liable for damages. Defendant maintains that the pasture involved was not "cultivated" land because it was not surrounded by a plowed strip not less than one rod in width. The pasture was fenced and had been planted to wheat grass.

This court has held that the provision calling for a plowed strip is meaningful only when applied to the wild and unreclaimed prairie land of the state. It is not applicable to fenced or enclosed farm or pastureland. Brown v. Sylvester, 37 Neb. 870, 56 N. W. 709 (1893); Fiene v. Robertson, *supra*; Delaney v. Errickson, 10 Neb. 492, 6 N. W. 600 (1880). Trespass

under the statute has even been held to apply to open city lawns, Lingonner v. Ambler, 44 Neb. 316, 62 N. W. 486 (1895), and to land which had previously been planted to corn with the stalks of the corn being used for forage, Angus Cattle Co. v. McLeod, 98 Neb. 108, 152 N. W. 322 (1915).

Plaintiff's pasture was "cultivated land" within the meaning of the statute and defendant's argument to the contrary must fail.

Further, Nebraska statutes specifically provide that the owner of any bull (and other specified male animals) shall restrain the same and shall be liable for damages for failure to do so. The duty imposed by this statute is not restricted to "cultivated lands." § 54-304, R. R. S. 1943.

Under the statutes, as under the common law, the burden of restraining domestic animals is placed squarely upon the owner and ordinarily no excuse for failure to restrain them is recognized. In Fiene, for example, the defendant's cattle trespassed on plaintiff's cultivated land and consumed hay stacked thereon. The court held that plaintiff could properly recover whether or not trespass was willful and whether or not plaintiff was negligent in maintaining a division fence between the properties.

Although, obviously, an argument might be made for strict liability in this case under the Nebraska statutes, it is not necessary to make that decision here. As previously noted, since this case was tried on very informal pleadings from Small Claims Court, no specific theory of recovery was alleged, and any theory of recovery supported by the evidence is sufficient for affirmance.

The statutes in question impose a duty regarding restraint of bulls and trespassing cattle. Violation of the duty imposed by statutes is evidence of negligence and may be considered as such by the trier of facts. Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870 (1956); Floridia v. Farlee, 201 Neb. 39,

266 N. W. 2d 204 (1978).

Here, in addition to the violation of duties required by statute, there was evidence which could show negligence on the part of the defendant in relation to maintenance of his part of the pasture fence and also in regard to the known malfunctionings of the "hot wire" fence maintained by the defendant.

Defendant's contentions that plaintiff was guilty of contributory negligence or assumption of risk by pasturing his cows in the enclosed field is not supported by the record. Plaintiff had the right to use his pasture without being required to erect a fence strong enough to keep out trespassing or unrestrained bulls.

The trial court was correct in its finding of liability on the part of the defendant.

The only question now remaining is that of damages. Defendant maintains that the damages were speculative in that there was an insufficient showing that plaintiff's cow would have borne a purebred calf, or any calf, even if she had not been impregnated by defendant's bull. This is immaterial inasmuch as the proper measure of damages in a case of this type is the difference between the value of the cow as a purebred registered Hereford for breeding purposes immediately before the defendant's bull serviced her and the value of the cow immediately after impregnation by defendant's bull. Hall v. Umiker, 87 S. D. 362, 209 N. W. 2d 361 (1973); Annotation: Measure and elements of damages, in action other than one against a carrier, for conversion, injury, loss, or destruction of livestock, 79 A. L. R. 2d 677, 708; Madison v. Hood, 207 Iowa 495, 223 N. W. 178 (1929); Burleigh & Jackson v. Hines, 124 Ia. 199, 99 N. W. 723 (1904).

Defendant argues that the measure of damages set out above should apply only when impregnation is by inferior or scrub bulls and that, inasmuch as defendant's bull was a purebred Angus, should not

apply in this case. Evidence was adduced to the effect that a calf produced by a purebred Angus bull and a purebred Hereford cow would have no value in the purebred market and would be the same as a calf sired by a scrub or inferior bull. Defendant's argument is not persuasive and cannot be sustained.

The trial court's finding as to the damages incurred by the plaintiff was well within the values testified to and is correct.

The judgment of the trial court in a law action has the effect of a jury verdict and should not be set aside unless clearly wrong. Ineba Ranch v. Cockerill, 201 Neb. 592, 271 N. W. 2d 44 (1978).

The judgment of the District Court is correct in all respects and is affirmed.

AFFIRMED.

HASTINGS, J., concurs in result.