WILLIAM P. HARRIS AND EVELYN P. HARRIS, APPELLEES, V. VIOLA EBERHARDT, APPELLANT.

338 N.W.2d 53

Filed August 26, 1983. No. 82-484.

W. G. Whitford, for appellant.

No appearance for appellees.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BROWER and MCGINN, D. JJ.

PER CURIAM.

The plaintiffs, William and Evelyn Harris, instituted an action in the small claims court of Madison County, asking judgment in the sum of $1,000 on the ground that "defendant refuses to release savings of plaintiffs." The claim was based on the allegation that the defendant had not returned all of the money which had been entrusted to her by the plaintiff

William Harris. After a trial, at which the parties appeared, the small claims court determined that of the $1,654 placed in confidence with the defendant, she had not returned $874. On appeal the District Court, hearing the case de novo, found that the defendant had not returned $854, and entered judgment accordingly. We affirm.

The defendant has assigned two points of error on appeal to this court. First, the defendant contends that the small claims court and the District Court erred in proceeding on a complaint for money damages which did not state a cause of action.

The entire matter in small claims court is on a very informal basis, with a minimum of procedural requirements. *State ex rel. Simpson v. Vondrasek*, 203 Neb. 693, 279 N.W.2d 860 (1979). Neb. Rev. Stat. § 24-526 (Reissue 1979) provides that "No formal pleadings other than the claim and notice, and the counterclaim or setoff and notice, if appropriate, shall be required in the Small Claims Court . . . ."

This court's holding in *Fuchser v. Jacobson*, 205 Neb. 786, 290 N.W.2d 449 (1980), is pertinent here. In that decision we held that "Inasmuch as no specific theories of recovery are required to be pleaded in Small Claims Court, that court's decision must be affirmed by the District Court if it can be founded on any theory supported by the evidence." *Id.* at 788, 290 N.W.2d at 451. We believe the evidence amply supported the court's finding.

Second, the defendant argues that the small claims court lacked the necessary jurisdiction to try the case, since the mail receipt of the notice was not signed by the defendant. Neb. Rev. Stat. § 24-524(3) (Reissue 1979) provides that "Service by mail shall be complete upon return to the court of the receipt signed by the defendant . . . ."

In this case, however, the defendant did not challenge the sufficiency of the notice before the small claims court, but participated fully on the merits of her cause. These acts constituted a general appear-

ance before that tribunal. *Abel v. Southwest Cas. Ins. Co.*, 182 Neb. 605, 156 N.W.2d 166 (1968); *Ivaldy v. Ivaldy*, 157 Neb. 204, 59 N.W.2d 373 (1953).

This court has long adhered to the general rule that "A general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof." 6 C.J.S. *Appearances* § 41 at 67 (1975); *White v. Merriam*, 16 Neb. 96, 19 N.W. 703 (1884); *Cropsey v. Wiggenhorn*, 3 Neb. 108 (1873).

As the Supreme Court of Arkansas said in *Pender v. McKee*, 266 Ark. 18, 35, 582 S.W.2d 929, 938 (1979), "Any defect in the process, the return thereon or the service thereof is cured or waived by the appearance of the defendant without raising an objection, and he is precluded from thereafter taking advantage of the defect." It is immaterial that the defendant was ignorant of the irregularity which rendered the process ineffective. 5 Am. Jur. 2d *Appearance* § 7 (1962).

For the reasons stated above, the decision of the District Court must be affirmed.

AFFIRMED.