WILLIAM BRANDT, PLAINTIFF IN ERROR, V. GERHARDT ALBERS, DEFENDANT IN ERROR.

1. **Practice**: ANSWER. In an action on a promissory note by the payee, the defendant answered a former suit by another person, in which he had recovered judgment dismissing the case, but there was no allegation to the effect that the payee had disposed of the note or any interest therein to the plaintiff in the former suit. *Held*, That the answer constituted no defense.

2. **Revivor of Action**: TITLE OF CAUSE. Where, upon the death of a plaintiff, there is an order of revivor in the name of the administrator duly entered, the failure of the clerk to change the title of the case accordingly is not fatal to the judgment subsequently rendered. This is a mistake that may be remedied on motion, even after judgment.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Mason & Whedon*, for plaintiff in error.

It was error to render judgment in favor of Gerhardt Albers. He was beyond the jurisdiction of the court. Being dead he was but a fictitious person, and the

judgment is a nullity. *Ford v. Doyle*, 37 Cal., 346. *McKinlay v. Tuttle*, 43 Cal., 572. *Young v. Pickens*, 45 Miss., 553. *McCreery v. Everding*, 44 Cal., 284.

*A. C. Ricketts*, for defendant in error, cited Freeman on Judgments, Sec. 153. *Gregory v. Haynes*, 13 Cal., 591. *McCreery v. Everding*, 44 Cal., 284. *Stoetzell v. Fullerton*, 44 Ill., 108. *Coleman v. McAnulty*, 16 Mo., 173.

LAKE, CH. J.

This case comes here by petition in error. The action in the court below was brought on a promissory note, executed by the plaintiff in error jointly with one John Engel, and payable to the defendant in error.

To the petition Brandt answered: First, That Albers was not the owner of the note, and second, that prior to the commencement of this action one Frank Larrabee had brought suit against him thereon, before a justice of the peace, in which judgment was rendered in his favor, dismissing the case. There is no allegation, however, to the effect that Albers had assigned the note to Larrabee or that he ever had any interest therein. It is quite apparent, therefore, that this answer set forth no fact constituting a defense to the petition, and that, under the pleadings, Albers was entitled to a judgment, without proof, for the whole amount claimed.

Another objection is that "it was error to enter judgment in favor of said Albers when it is shown by the record that he was dead." It is true that the title of the cause was never changed, the name of the plaintiff remaining the same throughout the progress of the case, up to final judgment, although the record shows that Gerhardt Albers had died, and that before judgment, by an order of the court duly entered, the action

was revived in the name of Henry Albers as administrator.

After the revivor, Henry Albers, as administrator of the estate of Gerhardt Albers, deceased, was the real plaintiff, and the cause from that time should have been carried forward in his name. But the failure to do so is not fatal to the judgment, for the proper correction can be made at any time, even after judgment, by order of the court.   See Sec. 144 Code of Procedure, as amended February 4, 1875. Laws 1875, p. 35. *Gregory v. Haynes*, 13 Cal., 591.

                                    JUDGMENT AFFIRMED.