NANCY J. BOULWARE, PLAINTIFF IN ERROR, V. THE
    COUNTY OF OTOE, DEFENDANT IN ERROR.

1.  **Summons**: INDORSEMENT. In actions other than for the recovery of money only no indorsement of the summons is necessary.

2.  ———: ———. But where an unnecessary indorsement is made, if it states the nature of the relief demanded in such general terms as will apprise the person served of the prayer of the petition, it is sufficient.

ERROR to the district court for Otoe county.  Tried below before POUND, J.

*S. H. Calhoun*, for plaintiff in error.

*Watson & Wodehouse*, for defendant in error.

REESE, J.

This action was brought by the defendant in error against the plaintiff in error in the district court of Otoe county to foreclose a tax lien on the real estate described in the defendant's petition.  A summons was issued and duly served upon the plaintiff in error.

The summons was indorsed as follows:  "The plaintiff in this action seeks to foreclose its lien for taxes on lots fourteen (14) and fifteen (15) in Kearney City, now a part of Nebraska City, in Otoe county, for the sale of 1879 and for all prior and subsequent taxes due thereon, and for equitable relief."

The plaintiff in error appeared specially for the purpose of challenging the jurisdiction of the court on the ground that the summons was defective, but in her motion pointed out no defects therein.  The motion to quash the summons was overruled, and the plaintiff in error making no further appearance, a decree was entered in accordance with the prayer of the petition.  She now brings the case into this

court by petition in error, alleging as the sole ground of error the action of the district court in overruling her motion to quash the summons.

The defect in the summons relied on is, that the indorsement on the summons did not state any amount claimed. It is conceded that no indorsement was necessary, but it is claimed that inasmuch as one was made it should have been sufficiently complete to have advised the plaintiff in error of all the relief prayed for. In this we think the plaintiff in error is correct, and this court has so held in *Watson v. McCartney*, 1 Neb., 131.

But we think the plaintiff's objection to the summons in this case is not well taken. It is true no indorsement of the summons was necessary, the action not being one for the recovery of money only, but the fact that one was made can work no injury to the plaintiff in error unless she was misled thereby to her prejudice. It seems to us that nothing of this kind can be claimed. The indorsement was general, and covers in apt words all the relief prayed for in the petition, and we think was not susceptible of any construction prejudicial to the plaintiff in error.

The ruling of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.