OMAHA FURNITURE & CARPET COMPANY, APPELLEE, V. MORRIS MEYER, APPELLANT.

FILED FEBRUARY 20, 1908.    No. 15,068.

**Parties: SUBSTITUTION.** Plaintiff H. J. A., sole proprietor of a business which he conducted under the name of "Omaha Furniture & Carpet Company," commenced an action in replevin in justice court under said name. Before trial in the justice court his request to substitute his individual name as plaintiff was denied. On appeal to the district court the request was renewed and the substitution permitted. *Held* proper practice. Code, sec. 144.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*W. S. Shoemaker,* for appellant.

*G. W. Shields, contra.*

FAWCETT, C.

This case is here for the second time. On its first appearance in this court it appeared under the title of *"Morris Meyer, Plaintiff in Error, v. Omaha Furniture & Carpet Company, Defendant in Error."* 76 Neb. 405. Meyer was defendant and the Omaha Furniture & Carpet Company plaintiff in the court below. In the briefs filed by both sides on this hearing the parties are again designated as *"Omaha Furniture & Carpet Company v. Morris Meyer,"* but in the assignments of error, and in the præcipe filed on this hearing by defendant Meyer, the case is entitled *"Omaha Furniture & Carpet Company and Henry*

52

*J. Abrahams, Substituted Plaintiff, v. Morris Meyer."* An examination of the petition of plaintiff in the court below discloses the fact that the title as given by defendant in his præcipe is substantially correct; but a literally correct statement of the present parties would be *"Henry J. Abrahams v. Morris Meyer."*

This was an action in replevin instituted originally in the name of the *Omaha Furniture & Carpet Company v. Morris Meyer et al.* before a justice of the peace in Douglas county. In the justice court the point was made by defendant that plaintiff was not the real party in interest, and had no legal capacity to sue. Plaintiff asked leave to substitute the name of Henry J. Abrahams as party plaintiff, claiming that he was the real party in interest; that he was doing business in the name of the Omaha Furniture & Carpet Company, and was the sole owner and proprietor of the business conducted under such name. This request was denied in the justice court, and judgment rendered for the defendant. Plaintiff appealed to the district court, in which court a petition was filed in which it was attempted to state facts sufficient to show the authority of the plaintiff under the name of the Omaha Furniture & Carpet Company to maintain the action. Defendant filed a motion to strike the petition from the files upon the ground that it showed on its face that plaintiff was not the real party in interest. This motion being overruled, defendant was given leave to demur instanter, and he did so, alleging as grounds of demurrer that plaintiff had no legal capacity to sue; that the petition showed upon its face that it was not prosecuted in the name of the real party in interest, and that the petition failed to state a cause of action against the defendant. The demurrer was overruled, and judgment entered in favor of plaintiff, from which judgment the defendant appealed. This court reversed the judgment of the court below, and remanded the case "for further proceedings according to law." In the opinion by OLDHAM, C., it is said: "When the cause was removed by appeal to the district court,

plaintiff did not ask leave to substitute Abrahams as the plaintiff in the cause of action, but, on the contrary, filed a petition in which he plainly attempted to state facts sufficient to show the authority of the Omaha Furniture & Carpet Company to maintain the action in its own name." When the case was remanded to the district court, defendant moved the court to sustain the demurrer which he had interposed prior to the former appeal, and for judgment of the district court in his behalf, "based on the mandate and opinion of this court on file in the case." Before this motion was disposed of, plaintiff moved the court to substitute Henry J. Abrahams as plaintiff. The district court overruled defendant's motion for judgment, and granted plaintiff leave to make the desired substitution. Plaintiff thereupon, by leave of court, filed an amended petition in the name of Henry J. Abrahams as plaintiff, in which he alleged "that for many years last past he has conducted, and still conducts, his business under the name of the Omaha Furniture & Carpet Company, and that said Henry J. Abrahams and Omaha Furniture & Carpet Company are one and the same person; that he is sole owner and proprietor of said Omaha Furniture & Carpet Company; that said business is the buying and selling of furniture, carpets, draperies, and all sorts of household furnishings; that said Omaha Furniture & Carpet Company is not incorporated, and consists solely of the said plaintiff, Henry J. Abrahams; that at the commencement of this suit he was, and ever since has been, and still is, the owner of the following described goods and chattels, to wit" (naming the articles set out in the replevin suit). The defendant moved the court to strike out of the amended petition the name of Henry J. Abrahams as party plaintiff, and to affirm the judgment entered in the justice court against the Omaha Furniture & Carpet Company, and also to strike from the files the amended petition filed in the name of Henry J. Abrahams, for various reasons stated in said motion. The district court overruled the motion, whereupon defendant refused

to plead further, electing to stand upon his motion. Judgment was thereupon entered in favor of the plaintiff, and from that judgment defendant prosecutes the present appeal.

Defendant rests his right to a reversal of the judgment of the court below on *Flanders v. Lyon & Healy,* 51 Neb. 102, on the strength of which case this court reversed the case on the former hearing. We do not think *Flanders v. Lyon & Healy* is in point on the present hearing. In that case an attempt was made to substitute an entirely different party plaintiff, the motion being for leave to substitute P. J. Healy as plaintiff in place of the firm of Lyon & Healy, "for the reason that the note and mortgage on which this action is based have been assigned to said P. J. Healy, who now owns the same." This court very properly held that "in a replevin suit, where the plaintiff has taken the property, it is error to permit a stranger to be substituted for the original plaintiff over defendant's objection." On the former hearing of this case no question of the right of substitution was raised. The point in controversy then was that plaintiff's petition on its face failed to show the capacity of the Omaha Furniture & Carpet Company to sue. The question now before the court is: Did the court err in permitting the substitution of Henry J. Abrahams as plaintiff in lieu of the Omaha Furniture & Carpet Company? The amendment allowed simply permitted the correction of the name of the plaintiff; the name "Omaha Furniture & Carpet Company," under which Abrahams did business, having been used as the name of the plaintiff instead of Mr. Abrahams' individual name. This was not permitting the substitution of a stranger, but was simply permitting the correction of the name.

Section 144 of the code reads: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a

party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto, by amendment." Under this statute we think the district court would have the right to permit an amendment, such as was made in this case, at any time, either before or after judgment. In *Brandt v. Albers*, 6 Neb. 504, this court said: "Where, upon the death of a plaintiff, there is an order of revivor in the name of the administrator duly entered, the failure of the clerk to change the title of the case accordingly is not fatal to the judgment subsequently rendered. This is a mistake that may be remedied on motion, even after judgment." And in *Pekin Plow Co. v. Wilson,* 66 Neb. 115, it was held that "in this state the right to amend is as liberally accorded in replevin actions as in other causes." In *McDonald v. State of Nebraska,* 101 Fed. 171, it is said: "There is no such thing as a vested right in a technical error or defect in the pleadings or the parties to the action. No error or defect can be regarded which does not affect the substantial rights of the adverse party. * * * At this day the party who seeks to profit by an error or mistake in pleading must be able to invoke the principle upon which the law of estoppel is founded." The amendment permitted by the district court certainly did not affect the substantial rights of the defendant. Henry J. Abrahams was the Omaha Furniture & Carpet Company, and *vice versa.* The lease under which plaintiff was claiming the right to take the property was executed in the name of Omaha Furniture & Carpet Company, but the parties all well knew that the Omaha Furniture & Carpet Company was really Henry J. Abrahams. The substitution of Henry J. Abrahams as plaintiff, therefore, was no more a change of the real parties than if the suit had been commenced in the name of J. Henry Abrahams, and, upon

discovery of the clerical error after the suit was commenced, plaintiff had been permitted to change the name to Henry J. Abrahams. Henry J. Abrahams commenced the suit, had prosecuted it from the beginning, and was the sole owner of the property and cause of action, but, by inadvertence or mistake, had commenced the suit under a wrong name. The court did not err in permitting the amendment.

If what defendant states in his brief as to the character of plaintiff and the merits of the controversy in this action, if they had been gone into, is true, it is to be regretted that defendant did not file his answer and proceed to trial upon the merits; but, having elected to stand upon what he believed to be his technical rights, and having permitted judgment to go against him, we do not see how we can relieve him from the situation in which he has permitted himself to be placed.

We recommend that the judgment of the district court be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.