WILLIAM KROTTER & COMPANY, APPELLANT, V. G. W. NORTON ET AL., APPELLEES.

FILED APRIL 13, 1909.   No. 15,582.

1. **Process: SERVICE.** The service of a summons upon a wife at her home is personal service, if the copy intended for her is actually delivered to her husband for her, in her presence, and at the same time is read to her by the officer, and she understands that the copy was intended for her.

2. ——: ——. An unnecessary indorsement upon a summons, which has no tendency to mislead or prejudice the defendants, will not render the service void.

3. ——: ——: DEFECTIVE DESCRIPTION. A court acquires jurisdiction over a defendant by personal service of process, even though she be defectively described therein.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*R. R. Dickson,* for appellant.

*Edward H. Whelan, contra.*

EPPERSON, C.

Plaintiff instituted an action in equity to foreclose a chattel mortgage given by the defendant G. W. Norton to plaintiff upon a frame dwelling house and frame barn situate on land in the possession of mortgagor under a five-year lease. The mortgagor and his wife were made defendants, and a summons was issued in which they were named as "G. W. Norton and wife, Mrs. G. W. Norton." The return of the sheriff showed personal service. Coupled with his petition for foreclosure, the plaintiff set

forth that the defendants threatened to remove the buildings which would be a damage thereto, and applied for an injunction to prevent the same. A hearing upon the application for a temporary order of injunction was desired, and a subsequent date fixed therefor by the court, and notice thereof, and a restraining order was served upon the defendants by the sheriff at the time the summons was served. At the time fixed for a hearing upon the application for temporary injunction, the records show that, "upon an agreement of parties made in open court, the hearing was continued until April 1, 1907." Still later, and upon default of defendants, the court rendered a decree of foreclosure, and directed a sale of the mortgaged property for the satisfaction of plaintiff's debt. After the sheriff had sold the property, but before confirmation, the defendants filed an application to set aside the sale, and asked that they be permitted to answer by alleging that the buildings in controversy were exempt to them as a homestead, and that the mortgage executed by the husband alone was void. As an excuse for not answering on time, defendants contend that the court was without jurisdiction to render the decree of foreclosure on account of certain irregularities in the summons and the service thereof.

Objection is made that there was no personal service of summons upon Mrs. Norton. It appears from the testimony of the sheriff that the summons was not served by the actual delivery of a copy thereof into the hand of Mrs. Norton, but such service is not necessary to constitute personal service. According to Mrs. Norton's own testimony, we are convinced that there was personal service of the summons upon her. At the time of the service of the summons and the notice of application for injunction, she testified that the sheriff came to their home and into the room where she and her husband were; that the sheriff read the papers aloud, both the notice and the summons, in the presence of both defendants; that she heard them read; that the sheriff handed the two papers to her hus-

band, saying one of them was for the husband and one for the wife; that she knew that there was a paper left there for her, and that she was named therein as the wife of George W. Norton. At the time Mrs. Norton told the sheriff that she did not know what he summoned her for; that she did not sign any papers, nor have any dealings with the plaintiff. Her testimony is corroborated by her husband, also by the sheriff, except the latter testified that he laid the papers intended for Mrs. Norton upon the table, at which she was employed all the time he was there, attending to the breakfast dishes. As we view it, it is immaterial whether the sheriff laid the papers intended for Mrs. Norton upon the table or handed them to her husband. Whichever it was, it was done in Mrs. Norton's presence, with full knowledge on her part that one of the copies of each paper was intended for her. She so understood it, and was as fully informed as though the sheriff had actually delivered the papers into her own hands. This is clearly distinguishable from *Holliday v. Brown*, 33 Neb. 657, in which it appears that the wife was not present, and knew nothing of the attempted service of summons upon her. If the actual delivery into the hand of a defendant is necessary to constitute personal service, one might effectively and forever avoid service of process by refusing to disclose her true name, and by refusing to take a copy of a summons into her hands.

Objection is further made to the summons filed because the words "restraining order allowed" were indorsed on the summons. This indorsement was entirely unnecessary, but it is difficult to see how it could in any way mislead or prejudice the defendants. Such indorsement did not avoid the summons. *Boulware v. Otoe County*, 16 Neb. 26.

The next contention is more serious. As Mrs. Norton was not named as Sarah E. Norton, which is her true name, it is contended that the process is void under the provisions of section 148 of the code. This statute requires a plaintiff, who does not know the real name of

the defendant to state in the verification of his petition that he could not discover the true name, and the summons must state that the real name is unknown, and personal service thereof be made. Nowhere do our statutes declare, that the court acquires no jurisdiction by process personally served, but issued in the wrong name of a defendant, even if the provisions of section 148 are not complied with. This court has decided that process thus issued which was served upon defendant only by leaving a copy at his usual place of residence was insufficient to give the court jurisdiction. *Enewold v. Olsen,* 39 Neb. 59; *Gillian v. McDowall,* 66 Neb. 814. In the case last cited the court considered process in which a defendant had been named by his initials only. There, as here, the verification did not state that the real name could not be ascertained, nor did the summons recite that the real name was unknown. In the opinion we find the following: "It might well be that the omission to state in the summons that the real name of the defendant so sued was unknown would be a mere irregularity, and would not subject the judgment to collateral attack. But it is settled that there must be personal service, and that without it the judgment is of no force." The difference in the effect of summons not served and irregularly served is pointed out in *Muchmore v. Guest,* 2 Neb. (Unof.) 127, where it is held: "There is a well-marked distinction maintained between judgments rendered in which there has been no service of summons at all and those rendered where there has been service of summons irregularly made. In the former class the judgment may be collaterally impeached, but in the latter the defect is waived, unless directly assailed." In the case at bar the failure of the plaintiff to comply with the provisions of section 148 of the code as to the verification of the petition and as to the contents of the summons was but an irregularity which did not avoid the jurisdiction of the court. Personal service of the summons was had, and defendant cannot assail the process because of the misnomer after

permitting the decree of foreclosure. *Davis v. Jennings,* 78 Neb. 462.

As another reason for setting aside the decree, defendants allege fraud, in that G. W. Norton visited the attorney of the plaintiff before the decree was entered, and made an agreement with him whereby plaintiff agreed that no further proceedings were to be had in the case until defendant had the opportunity to see plaintiff and effect a settlement. No testimony was offered in support of this contention, but the affidavit of defendant George W. Norton was introduced over objection. Therein he stated that two months before the entry of the decree such an agreement was entered into, and that he used diligence in his efforts to arrange a settlement with the plaintiff. This is insufficient to sustain the contention for two reasons: It is not shown that the time intervening between the agreement and the rendering of the decree was insufficient for defendant to have an opportunity to make the settlement which he sought. It is not shown that he used diligence in his efforts to arrange a settlement. His statement that he did so is but a mere conclusion.

We recommend that the judgment of the district court be reversed.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and this cause remanded for further proceedings.

REVERSED.