HOLMES, Judge.
The plaintiff sued the defendants, Wood and Mitchell Real Estate Company, as a result of an automobile accident. A judgment by default was entered against Wood and Mitchell Real Estate Company. The defendants thereafter via a rule 60(b) motion, Alabama Rules of Civil Procedure, sought relief from the judgment contending that there was no service of process. The trial court denied the relief sought.
The plaintiff then by appropriate motion sought to “amend” the judgment by changing Mitchell Real Estate Company to Mitchell Brothers Contractors, Inc., alleging that they are one and the same entity. The trial court granted relief to the plaintiff amending the judgment to read in pertinent part “Mitchell Brothers Contractors, Inc., doing business as Mitchell Real Estate Co.”
The defendant, Mitchell Brothers Contractors, Inc., through able counsel appeals and we affirm.
The dispositive issues are whether the trial court erred in refusing to set aside the “original” judgment against Mitchell Real Estate Co. for lack of proper service and whether the trial court erred in allowing the judgment-to be amended as indicated previously.
I
As to the first issue, it appears there was competent evidence that service of process upon Mitchell Real Estate Co. was properly effected.
The following is relevant to the issue of service of process:
The summons shows the defendant’s address as 1052 Forestdale Blvd, Birmingham, Alabama. The defendant submitted an affidavit to support its motion to set aside the judgment which admitted that Mitchell Brothers Contractors, Inc. has the same address and does business under the name Mitchell Real Estate Co.
A hearing was held on defendant’s motion for relief and evidence was heard by the trial court on the issue of whether service of process was effected. The summons shows on its face the sheriff’s return of service. It is suggested in brief that the deputy sheriff who served the summons testified at length and in detail on this matter. Unfortunately, the record does not contain a transcript of this evidence. Be that as it may, a sheriff’s return of service is prima facie evidence of its correctness, and the party challenging it has the burden of establishing lack of service by clear and convincing proof. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978). Furthermore, a sheriff’s return will not be invalidated upon the uncorroborated statement of the parties in which they deny service upon them. Raine, at 846.
In the case at bar, the trial court heard evidence on the issue of whether service of process was properly effected. In the absence of any record showing what occurred or what was presented to the trial court, we must assume that the action of the trial court was supported by the proof. *140 Chiriaco v. Jacks, 421 So.2d 1272 (Ala.Civ.App.1982). This combined with the favorable presumption accorded the sheriffs return of service leads us to the conclusion that service of process upon Mitchell Real Estate Company was proper in this case.
II
The defendant, Mitchell Brothers Contractors, Inc., contends that the trial court erred in amending the judgment to read “Mitchell Brothers Contractors, Inc., doing business as Mitchell Real Estate Co.” We respectfully do not agree.
As alluded to earlier, Mitchell Brothers Contractors, Inc. submitted an affidavit in support of its 60(b) motion for relief from the judgment wherein it admitted to doing business under the name Mitchell Real Estate Company. The address on the summons to Mitchell Real Estate Company and the address given in the affidavit as being that of Mitchell Brothers Contractors is the same.
The amendment to the judgment was in fact and effect a mere change in the capacity of the defendant. First National Bank of Birmingham v. Chichester, 352 So.2d 1371 (Ala.Civ.App.), cert. denied, 352 So.2d 1376 (Ala.1977); appeal after remand, 360 So.2d 284 (Ala.1978). It can be said that Mitchell Brothers Contractors, Inc. and Mitchell Real Estate Company are one and the same, and service on Mitchell Real Estate Company is notice to Mitchell Brothers Contractors.
“There was such an identity of interest between [Mitchell Bros. Contractors, Inc. and Mitchell Real Estate] that a suit against [it] in one capacity was notice to [it] in the other capacity.” First National Bank of Birmingham v. Chichester, 352 So.2d 1371, 1373 (Ala.Civ.App.), cert. denied, 352 So.2d 1376 (Ala.1977); appeal after remand, 360 So.2d 284 (Ala.1978). In fact, as shown above Mitchell Brothers Contractors admitted by the aforementioned affidavit that Mitchell Real Estate Company and Mitchell Brothers Contractors, Inc. are one and the same.
In view of the instant facts in this case, specifically the same entity doing business under different names, no prejudice occurred in allowing the judgment to be amended to reflect the correct name of the defendant.
This ease is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.