SCOTTSBLUFF TYPEWRITER LEASING CO., APPELLEE, V. BEVERLY ENTERPRISES-NEBRASKA, INC., APPELLANT.
432 N.W.2d 844

Filed December 23, 1988.    No. 87-462.

John F. Simmons, of Simmons, Raymond, Olsen, Ediger, Selzer & Ballew, P.C., for appellant.

William E. Lindgren, pro se.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and REAGAN and ENDACOTT, D. JJ.

BOSLAUGH, J.

The plaintiff, Scottsbluff Typewriter Leasing Co., a trade name for William E. Lindgren, commenced this action in small claims court to recover $700 in lease payments due from the defendant. Service was made by the sheriff on Ralph Anderson, administrator of Scottsbluff Villa, a nursing home with which the plaintiff had been doing business. No question is raised regarding the regularity or validity of the service. The plaintiff named Beverly Enterprises Inc. as the defendant. No appearance was made on behalf of the defendant, and the plaintiff recovered a default judgment on July 17, 1986.

On August 27, 1986, the plaintiff filed a praecipe for an execution, which was issued that day. Beverly Enterprises, Inc., then filed a motion to quash the execution, alleging that Scottsbluff Villa was owned by Beverly Enterprises - Nebraska, Inc., not the corporation of Beverly Enterprises, Inc. The true name of the corporation is Beverly Enterprises (no "Inc." according to exhibit 5, the incorporation certificate from the State of California). The motion to quash incorrectly names the corporation as Beverly Enterprises, Inc. The motion to quash was heard on October 17, 1986, and sustained.

On October 29, 1986, the plaintiff filed a motion to amend the judgment, alleging that the liability to the plaintiff had been incurred by Scottsbluff Villa, that Beverly Enterprises - Nebraska, Inc., had done business under the name of "Beverly Enterprises," and that Beverly Enterprises, Inc., was in fact the same entity as Beverly Enterprises - Nebraska, Inc. This motion was heard and sustained on January 12, 1987. The order authorized the pleadings to be amended to show the correct name of the defendant corporation, Beverly Enterprises - Nebraska, Inc., the judgment to be amended to show the correct corporate name, and the execution to be issued against Beverly Enterprises - Nebraska, Inc. From this order the defendant appealed to the district court, where the judgment was affirmed. The defendant has now appealed to this court.

The defendant's sole assignment of error is that the district court erred in affirming the order sustaining the plaintiff's motion to amend the judgment.

The bill of exceptions which has been filed in this court

contains only the evidence which was introduced at the hearing on the motion to quash. Since no bill of exceptions has been filed in this court concerning the hearing which resulted in the order from which the appeal has been taken, the only issue before this court is whether the pleadings support the judgment.

In the absence of a complete bill of exceptions, the only issue on the appeal is the sufficiency of the pleadings to support the judgment. *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979).

The defendant argues that the order 'was erroneous because Beverly Enterprises, Inc., and Beverly Enterprises - Nebraska, Inc., are separate and distinct corporations and that a judgment may not be amended to make it effective against a party which was not originally served with process. This argument ignores the fact that the original service was upon Ralph Anderson, administrator of Scottsbluff Villa, which is owned and operated by Beverly Enterprises - Nebraska, Inc., and no issue has been raised concerning the regularity and validity of the service.

There are several statutes which bear upon the issues in this case.

Neb. Rev. Stat. § 24-526 (Reissue 1985) provides that the pleadings in small claims court are to be informal. Neb. Rev. Stat. § 25-852 (Reissue 1985) provides:

> The court may, *either before or after judgment*, in furtherance of justice, and on such terms as may be proper, *amend any pleading, process or proceeding*, by adding or striking out the name of any party or *by correcting a mistake in the name of the party*, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.

(Emphasis supplied.)

Neb. Rev. Stat. § 25-321 (Reissue 1985) permits a defendant to be designated in any pleading or proceeding by any name, followed by the words, "real name unknown." Under this section, "the person intended shall thereupon be regarded as a defendant in such action or proceeding and as sufficiently identified therein for all purposes . . . ." In *Krotter & Co. v. Norton*, 84 Neb. 137, 120 N.W. 923 (1909), we held that the court obtains jurisdiction over a defendant by personal service of process, even though the defendant is defectively described. In the *Krotter* case, the defendant Sarah E. Norton had been sued as "Mrs. G. W. Norton," and the plaintiff had failed to allege that he could not discover her true name and that her real name was unknown. We held that the failure to comply strictly with the requirements of the statute was a mere irregularity, the failure to directly attack the service waived the irregularity, and the defendant could not "assail the process because of the misnomer" after judgment. *Id.* at 140, 120 N.W. at 925.

In *Davis v. Jennings*, 78 Neb. 462, 111 N.W. 128 (1907), this court reversed the lower court's order quashing the summons served on the defendants. The defendant husband was named as "Christ" Jennings, when his true name was "Christian" Jennings. The defendant wife was simply named as "Mrs. Christ Jennings," without her first name, Louise. This court held: "[I]t was the duty of the court to require the complaint and summons to be corrected or amended so as to state their true names, and such an order would have been no ground for a reversal of a judgment against them." *Id.* at 464, 111 N.W. at 129.

> In the case at bar service was made upon the proper parties, its effect was to bring them into court, and there can be no doubt that, if they had failed to appear, judgment could have been taken against them by default, and a decree foreclosing the mortgage would have been binding upon them.

*Id.* This court characterized the mistake in the *Jennings* case as clerical in nature.

In *Omaha Furniture & Carpet Co. v. Meyer*, 80 Neb. 769, 115 N.W. 310 (1908), this court allowed the plaintiff's substitution of his individual name for that of his business

name. The plaintiff requested the substitution at trial, stating that the business plaintiff was not the real party in interest and had no legal capacity to sue. This court held:

> The amendment allowed simply permitted the correction of the name of the plaintiff; the name "Omaha Furniture & Carpet Company," under which Abrahams did business, having been used as the name of the plaintiff instead of Mr. Abrahams' individual name. This was not permitting the substitution of a stranger, but was simply permitting the correction of the name.

*Id.* at 772, 115 N.W. at 311-12.

Citing *M'Donald v. State of Nebraska*, 101 F. 171 (8th Cir. 1900), the *Omaha Furniture* court noted:

> "There is no such thing as a vested right in a technical error or defect in the pleadings or the parties to the action. No error or defect can be regarded which does not affect the substantial rights of the adverse party. . . . At this day the party who seeks to profit by an error or mistake in pleading must be able to invoke the principle upon which the law of estoppel is founded."

80 Neb. at 773, 115 N.W. at 312.

In *Cigan v. St. Regis House Hotel*, 72 Ill. App. 3d 884, 887, 391 N.E.2d 197, 200 (1979), the Illinois appellate court held:

> The ultimate test of whether the error is misnomer or a material change in parties is most equitably the understanding and intent of the parties. If the error is such as to mislead the parties into thinking that another entity was meant to be served, then the mistake is material and should not be amended following final judgment. Notice sent to the St. Regis House Hotel should have alerted the St. Regis Hotel to the claim being presented before the Illinois Industrial Commission. A technical misnomer is not grounds to ignore even quasijudicial proceedings.

The Court of Civil Appeals of Alabama affirmed an amended default judgment in which the name of the defendant was changed from Wood and Mitchell Real Estate Company to Mitchell Brothers Contractors, Inc. The plaintiff alleged and the defendant admitted that the two names referred to one and the same entity. The court held: "In view of the instant facts in

this case, specifically the same entity doing business under different names, no prejudice occurred in allowing the judgment to be amended to reflect the correct name of the defendant." *Mitchell Bros. Contractors v. Benson*, 450 So. 2d 138, 140 (Ala. App. 1984).

In *Thomson v. L. C. Roney & Co.*, 112 Cal. App. 2d 420, 246 P.2d 1017 (1952), the California Court of Appeal held that the trial court properly amended a judgment to add Southwest Development Company to a final judgment against the initial defendant, L. C. Roney, Inc. The California court reasoned: "Since the court had jurisdiction over the defendant, it had jurisdiction to make its judgment reflect the defendant's true name." *Id.* at 427, 246 P.2d at 1021. The court went on to state: "Where injustice would result from a strict adherence to the doctrine of separate corporate existence, a court will look behind the corporate structure to determine the identity of the party who should be charged with a corporation's liability." *Id.* In this California case, the original defendant was wholly owned by Southwest Development Company, later added as a judgment debtor. Southwest Development had also participated in the defense of the case against its subsidiary. Evidence of using the corporate entity to avoid creditors supported the "injustice" test described in *Thomson*.

The Supreme Court of Wisconsin held a similar view in *R. B. General Trucking v. Auto Parts & Service*, 3 Wis. 2d 91, 87 N.W.2d 863 (1958). In that case, Auto Parts had obtained a judgment against Roman Barutha, doing business as R. B. General Trucking, Inc. The plaintiff attempted to execute on the judgment, seeking to place liability on the corporation. R. B. General Trucking sought to enjoin the enforcement of the judgment. The court held that the corporation should appeal from the judgment, rather than seek to enjoin its execution, but also noted that it would disregard corporate entities when the purpose of the corporation was to defraud creditors.

All these holdings are particularly applicable in a small claims court action. In *Harris v. Eberhardt*, 215 Neb. 240, 241, 338 N.W.2d 53, 54 (1983), we stated, "The entire matter in small claims court is on a very informal basis, with a minimum of procedural requirements." That concept, coupled with the

requirements of § 25-852, which sets out that proper amendments may be made "in furtherance of justice," leads to the conclusion that the amendments in the instant case were proper.

In this case, the defendant, Beverly Enterprises - Nebraska, Inc., which owned and operated Scottsbluff Villa, did business under the name "Beverly Enterprises." Beverly Enterprises - Nebraska, Inc., paid for its typewriter lease with checks printed "Beverly Enterprises." The plaintiff used this information in submitting his claim to the small claims court. Knowing that Beverly Enterprises was a corporation, the plaintiff added the "Inc." to the end of the name. Although Beverly Enterprises - Nebraska, Inc., was not named in the pleadings and summons, the process was served on the administrator of the nursing home operated by the defendant, which had leased the typewriters and from which the plaintiff was demanding payment. No one for Beverly Enterprises or Beverly Enterprises - Nebraska, Inc., appeared at the small claims trial on July 17, 1986. The responsible agent of Beverly Enterprises - Nebraska, Inc., was served and had notice of the suit. The defendant failed to appear, choosing to ignore the summons.

Service on the defendant's agent, the administrator of the nursing home, should have alerted Beverly Enterprises - Nebraska, Inc., that a claim against it was pending in small claims court. The agent of Beverly Enterprises - Nebraska, Inc., knowing that Beverly Enterprises did no business in Nebraska, would not be misled by the plaintiff's designation of the defendant as Beverly Enterprises Inc., so as to prejudice its rights.

The pleadings support the judgment, and it is affirmed.

AFFIRMED.

SHANAHAN, J., concurring.

The majority opinion apparently accepts the premise urged by the defendant, namely, "Beverly Enterprises Inc." and "Beverly Enterprises - Nebraska, Inc.," are separate and distinct corporate entities. The defendant's premise is incorrect. There is no corporate entity "Beverly Enterprises Inc." If there were, I would be compelled to dissent from the majority opinion because changing the name of the judgment debtor

would constitute a substantive rather than merely a technical change. As observed in *Critz Buick, Inc. v. Aliotta*, 145 Ga. App. 805, 806, 245 S.E.2d 56, 57 (1978):

> In its order denying the motion to set aside, the trial court amended the original judgment entered against "Critz Buick, Inc." nunc pro tunc to change the name of the defendant to "Dale Critz, Inc." Consequently, by amending the judgment in this manner, the trial court in effect substituted another party as the defendant over which it obviously had never acquired any jurisdiction. . . .
> It was error to amend the judgment in this respect . . . .

The statute which the majority employs to validate the amendment in the present case, Neb. Rev. Stat. § 25-852 (Reissue 1985), has long been held inapplicable to amendments which would substantially change a claim or defense. See, *West Town Homeowners Assn. v. Schneider*, 215 Neb. 905, 341 N.W.2d 588 (1983); *Meyer v. Sandhills Beef, Inc.*, 211 Neb. 388, 318 N.W.2d 863 (1982); *Stungis v. Union Packing Co. of Omaha, Inc.*, 196 Neb. 126, 241 N.W.2d 660 (1976). An amendment which purports to substitute one named corporate defendant for another would substantially change the claim and, thus, would not be permitted under § 25-852. Such amendatory substitution, especially when accomplished after judgment has been rendered, would also deprive the newly named corporate defendant of an opportunity to defend the suit and would constitute a denial of the due process accorded by the U.S. and Nebraska Constitutions. See, U.S. Const. amends. V and XIV; Neb. Const. art. I, § 3.

The amendment in the present case does not substitute one legal entity for another. Rather, it merely clarifies the name of the corporate defendant. Because "Beverly Enterprises Inc." is not a legal entity, the agent for Beverly Enterprises - Nebraska, Inc., could not have been misled into believing that "another entity was meant to be served." *Cigan v. St. Regis House Hotel*, 72 Ill. App. 3d 884, 887, 391 N.E.2d 197, 200 (1979). Upon receiving notice of the claim, Anderson, as agent for Beverly Enterprises - Nebraska, Inc., could not have reasonably believed that the claim was directed to Beverly Enterprises, as "Beverly Enterprises" was not named as defendant in the claim.

Therefore, the error was merely a misnomer rather than a material error in the identity of the party-defendant. The decision of the district court should be affirmed for that reason.