WIEKHORST BROTHERS EXCAVATING & EQUIPMENT CO., A
PARTNERSHIP, APPELLEE, V. SANITARY AND IMPROVEMENT
DISTRICT NO. 337 OF DOUGLAS COUNTY, NEBRASKA, APPELLANT.

440 N.W.2d 488

Filed June 2, 1989.    No. 87-765.

John A. Rickerson, of Rickerson, Welch & Kruger, for
appellant.

Dan D. Stoller for appellee.

Herbert M. Fitle, Omaha City Attorney, and Robert J.
Hamer for amicus curiae City of Omaha.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and
FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

Sanitary and Improvement District No. 337 (S.I.D.) appeals
a $249,363 arbitration award which it was ordered to pay to
Wiekhorst Brothers Excavating & Equipment Co., a
partnership (Wiekhorst).

The award arose out of a sewer construction contract dispute
between the S.I.D. and Wiekhorst. The original arbitration
award was modified and then confirmed by the Douglas
County District Court. Judgment for the award and costs was
entered accordingly. We affirm the district court's judgment.

Wiekhorst contracted to perform work on a sewer project
for the S.I.D. The written contract provided that in the event of
a dispute between the parties, the matter would be submitted to
binding arbitration before arbitrators of the American
Arbitration Association (A.A.A.) under the Construction
Industry Arbitration Rules (Jan. 1, 1986). The S.I.D.
terminated the contract because it claimed that Wiekhorst was
performing its work defectively. Before the arbitration panel,

Wiekhorst sought (1) reinstatement to the contract and the right to correct defective work, or (2) compensation for the work it performed and lost profits.

After considering added items claimed by Wiekhorst and offsets claimed by the S.I.D., the arbitration panel found that Wiekhorst was entitled to a total of $267,615. The panel further found that the S.I.D. had paid Wiekhorst $18,252 prior to terminating the contract and that the unpaid amount due Wiekhorst was $249,363. The panel also assessed 12 percent interest compounded annually on the unpaid amount due from November 4, 1986. Wiekhorst petitioned the Douglas County District Court for confirmation of the award. The award was confirmed after modification to provide for simple, rather than compound, interest.

At the district court hearing, only four exhibits were offered into evidence: (1) the agreement to arbitrate, (2) the arbitration panel's findings and award, (3) an affidavit of the plaintiff's attorney, and (4) an affidavit of the defendant's attorney. The record does not reflect that testimony, exhibits, or other evidence before the arbitration panel was offered or received in evidence in the district court. The court reporter's certificates indicate that preparation of the arbitration hearing record was first requested when the S.I.D. filed its appeal to this court.

If a bill of exceptions of an arbitration hearing is not offered into evidence in the district court, that evidence will not be considered by this court. See, *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988); *Timmerman v. Hertz*, 195 Neb. 237, 238 N.W.2d 220 (1976).

In the record before us, there is evidence regarding only one of appellant's four assigned errors: that the arbitration hearing proceeded erroneously.

Originally, three arbitrators were selected to hear this dispute. The day before the hearing was to commence, it was announced that two of the arbitrators were unable to serve on the panel. One substitute was selected by the A.A.A. The hearing was held as scheduled, over the S.I.D.'s objection, with one arbitrator from the original panel and the newly selected arbitrator. The S.I.D. claims that proceeding with the hearing before the panel as finally constituted was error.

Article 16 of the contract between the parties provides that disputes will be submitted to arbitration in accordance with the Construction Industry Arbitration Rules of the A.A.A. A copy of those rules is attached to exhibit 1, the award by the arbitration panel.

Rule 20 concerns vacancies on an arbitration panel. In the event of a vacancy, rule 20 requires that the hearing proceed with the remaining arbitrators unless both parties agree otherwise.

Rule 13, dealing with the appointment of arbitrators, gives the A.A.A. authority to appoint new arbitrators if those selected are unable to act. Rule 17 provides that disputes be heard by one arbitrator unless the A.A.A., in its discretion, directs otherwise.

The record does not show a violation of any of the above rules. The appointment of a replacement arbitrator, proceeding as scheduled, and proceeding with two rather than three panel members are all permitted by the A.A.A. rules.

The S.I.D.'s fourth assigned error is without merit.

Because the record of the arbitration hearing is not before this court, the other assigned errors cannot be considered. The only remaining issue is the sufficiency of the pleadings to support the judgment. *Scottsbluff Typewriter Leasing v. Beverly Ent., supra*; *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979).

After review of the pleadings and the exhibits properly before this court, we find that the judgment of the district court is correct.

The judgment of the district court is affirmed.

AFFIRMED.