JOHN W. PITTMAN, APPELLANT, V. FOOTE EQUIPMENT COMPANY ET AL., APPELLEES.

487 N.W.2d 584

Filed May 12, 1992.   No. A-90-148.

Dennis P. Crawford, of Friedman Law Offices, for appellant.

Marmion F. Yeagley, of State, Yeagley & George, for appellees Foote Tire Company and Foote Realty Company.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

WRIGHT, Judge.

This is a personal injury action which arose on November 29, 1983, when the plaintiff slipped and fell on ice in the parking lot at the Big G Automobile Service Center, 336 West Second Street, in Hastings.

The second amended petition, filed March 3, 1989, added Foote Tire Company and Foote Realty Company as defendants. Foote Tire and Foote Realty demurred, stating that the petition did not state facts sufficient to constitute a cause of action and that the action was barred by the 4-year statute of limitations. The demurrer was sustained. The plaintiff filed a third amended petition, and another demurrer was sustained. Foote Tire and Foote Realty filed a motion to dismiss, which was granted, and this appeal followed.

Pittman assigns as error the trial court's sustaining of the demurrer to the third amended petition and the dismissal of said petition.

## STANDARD OF REVIEW

If a petition alleges a cause of action ostensibly barred by the statute of limitations and fails to allege some excuse tolling the operation and bar of the statute, the petition fails to allege sufficient facts to constitute a cause of action and is subject to a demurrer. *Olsen v. Richards*, 232 Neb. 298, 440 N.W.2d 463 (1989).

The ultimate test of whether an error in naming parties is a misnomer or a material change in parties is most equitably the understanding and intent of the parties. If the error is such as to mislead the parties into thinking that another entity was meant to be served, the mistake is material and should not be amended following final judgment. *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988).

The keystone determining whether a change in party defendant relates back to the original pleading is whether the substituted party had notice of the suit within the period of limitations. *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991).

## FACTS

On February 18, 1987, the plaintiff filed a slip and fall case

against Foote Equipment Company and Robert L. Foote, doing business as Big G Automobile Service Center. No answer was filed by the defendants until April 25, 1988. On September 9, 1988, Foote Equipment Company and Robert L. Foote filed a motion for summary judgment, alleging that Foote Realty Company and Foote Tire Company, not Foote Equipment Company and Robert L. Foote, owned and operated Big G Automobile Service Center.

On March 3, 1989, the plaintiff filed a second amended petition, adding Foote Realty Company and Foote Tire Company. A third amended petition was filed, and a demurrer filed by Foote Realty and Foote Tire was sustained by the district court. On February 5, 1990, the district court sustained a motion filed by Foote Realty and Foote Tire to dismiss the third amended petition.

In March 1987, attorney Marmion F. Yeagley entered an appearance on behalf of Foote Equipment and Robert L. Foote. No answer or other pleading was filed by any of the defendants until April 25, 1988, more than 4 years after the time of the incident alleged in the original petition.

A demurrer which challenges the sufficiency of the allegations is a general one. In our review of a ruling on a general demurrer, this court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992). We are therefore required to accept as true all of the allegations of plaintiff's third amended petition except its conclusions.

On this basis, we accept as true that Robert L. Foote owns a majority of the stock in Foote Tire and Foote Realty. Robert L. Foote, Jane Foote, Robert Foote, and Amy Foote are members of the board of directors of Foote Tire and Foote Realty. Foote Tire is an owner and operator of the Big G Automobile Service Center at 336 West Second Street in Hastings, Nebraska, and Foote Realty owns property at the same address.

Robert L. Foote is the registered agent for service of process for Foote Equipment, Foote Realty, and Foote Tire. Aetna Casualty & Surety Company was the liability carrier for Foote

Equipment, Foote Realty, and Foote Tire at the time of the incident, and all companies shared a common policy number under their coverage with Aetna.

## MISNOMER OR DIFFERENT CORPORATE ENTITY

Under what circumstances may a corporation be effectively substituted as a party defendant for another corporation after the statute of limitations has run? There are two cases which have recently dealt with this issue: *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988), and *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991).

In *Scottsbluff Typewriter Leasing,* the plaintiff sued in small claims court to recover $700 in lease payments due from the defendant. Service was had upon Ralph Anderson, administrator of Scottsbluff Villa. Plaintiff named Beverly Enterprises, Inc., as the defendant. No appearance was made by the defendant, and the plaintiff obtained a default judgment. The plaintiff attempted to execute on the judgment, and the execution was quashed because Scottsbluff Villa was owned by Beverly Enterprises - Nebraska, Inc. The district court sustained the plaintiff's motion to amend the judgment to show the correct name of the defendant corporation, Beverly Enterprises - Nebraska, Inc. The defendant argued that the order was erroneous because Beverly Enterprises, Inc., and Beverly Enterprises - Nebraska, Inc., were separate and distinct corporations and that the judgment could not be amended to make it effective against a party which was not originally served with process. *Scottsbluff Typewriter Leasing* cited *Cigan v. St. Regis House Hotel,* 72 Ill. App. 3d 884, 887, 391 N.E.2d 197, 200 (1979), which held: "The ultimate test of whether the error is misnomer or a material change in parties is most equitably the understanding and intent of the parties." The intent of the parties in many cases can be difficult if not impossible to determine. The court did find that service upon defendant's agent, the administrator of the nursing home, should have alerted Beverly Enterprises - Nebraska, Inc., that a claim against it was pending and that the defendant would not have been misled by the plaintiff's designation of the defendant, so

as to prejudice its rights.

The Nebraska Supreme Court addressed the issue of substituting parties and their relationship to the original complaint in *Zyburo, supra.* Zyburo filed a petition against a school board, claiming unlawful termination of his employment. The petition against the board was filed within 30 days of the board's order discharging Zyburo, but the amended petition against the district was not. Zyburo claimed the substitution of the parties did not render the amended petition untimely because the original petition naming the board gave the district notice of the suit within the 30-day limitations period. The court cited *Schiavone v. Fortune,* 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986), which held that an amendment substituting parties relates back to the original complaint when a defendant has notice of the first complaint prior to the time bar. The U.S. Supreme Court stated: "Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone,* 477 U.S. at 29. The Court stated in regard to Fed. R. Civ. P. 15(c):

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone,* 477 U.S. at 29, quoted in *Zyburo, supra.*

*Zyburo* acknowledged the similarity between rule 15(c) and Nebraska's case law. In certain cases, an amendment which substantively changed the notice of the claim was not permitted, *Malerbi v. Central Reserve Life,* 225 Neb. 543, 407 N.W.2d 157 (1987), and where the defendant was prejudiced and the statute of limitations had run, the amendment would not relate back to the time of original filing, *Zyburo v. Board of*

*Education*, 239 Neb. 162, 474 N.W.2d 671 (1991). The court, however, recognized that "the keystone determining whether a change in party defendant relates back to the original pleading is whether the substituted party had notice of the suit within the period of limitations." *Zyburo*, 239 Neb. at 169, 474 N.W.2d at 676.

Pittman's third amended petition stated that Robert L. Foote was the registered agent for service of process for Foote Equipment, Foote Realty, and Foote Tire. When suit was filed against Foote Equipment and Robert L. Foote individually on February 18, 1987, Foote Realty and Foote Tire also received notice of the suit and were alerted that a claim was pending against them. Therefore, the reasonable inference is that Robert L. Foote and all of the corporations for which he was the registered agent had notice of the plaintiff's claim no later than March 1987. Pittman argues that adding Foote Realty and Foote Tire was a correction of a misnomer which related back to the original petition and that the demurrer to the third amended petition should have been overruled.

Pittman relies upon *Nelson v. Glenwood Hills Hospitals, Inc.*, 240 Minn. 505, 62 N.W.2d 73 (1953), wherein the plaintiff filed suit against Glenwood Hills Hospital, when she should have sued the closely associated Homewood Hospital. The complaint and summons were left with Raymond T. Rascop, a corporate officer for both hospitals. Each hospital was organized as a separate corporation, but the two hospitals had the same attorney and liability insurer and shared a working business and operational association.

At trial, after the statute of limitations had run, the plaintiff moved to substitute defendant Homewood Hospital in place of Glenwood Hills Hospital. The trial court sustained this motion, and the Minnesota Supreme Court affirmed: "If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer." *Nelson*, 240 Minn. at 513, 62 N.W.2d at 78. *Nelson* held this was not mistaken identity, but a misnomer of a party defendant, and stated:

Accordingly, where there is a misnomer as to the corporation to be named as defendant and where the officer of the named defendant on whom a summons and complaint is served is also the officer of the intended defendant corporation who would ordinarily be served, it has been held that the intended corporation-defendant has received actual notice of the claim which service of the summons and complaint intended to impart and that the misnomer can and should be corrected by an amendment naming the one intended to be sued as defendant in place of the one actually named as such . . . .

. . . .

Numerous authorities sustain respondents' contention that, where the facts point clearly to a misnomer, an amendment is proper dating back to the original complaint and the commencement of the action if thereby a new cause of action does not supplant the original one.

*Nelson*, 240 Minn. at 514-15, 62 N.W.2d at 79.

In *Wells v. The Detroit News, Inc.*, 360 Mich. 634, 104 N.W.2d 767 (1960), the plaintiff sued The Detroit News, Inc. The suit should have been brought against The Evening News Association, a different Michigan corporation. The court allowed the plaintiff to correct his complaint by naming The Evening News Association as a defendant after the statute of limitations had run. The court took note of three points: (1) Service was had upon a person who actually was a proper representative of both corporations, at the legal address of both corporations; (2) both corporations were in the same general business, had most of the same officers, and were represented by the same law firm; and (3) officers of The Evening News Association were clearly informed of facts which indicated to them the particular corporate entity which plaintiff intended and desired to sue.

The defendants make two basic arguments. First, *Nelson, supra*, is distinguishable from this case because Minnesota's pleadings differ from Nebraska's and because the actions in Minnesota are commenced with the filing of the petition, while actions in Nebraska are commenced when the summons is served on the defendant. It would appear that there is really no

distinction between Minnesota's rules and those in Nebraska as they affect the case at bar. Second, the defendants contend that Pittman sought to add two completely different corporate entities to the case rather than correct a misnomer. This is the issue upon which this case must be decided.

Neb. Rev. Stat. § 25-852 (Reissue 1989) permits the court to amend any pleading by correcting a mistake in the name of the party. If the amendment purports to substitute one named corporation for another and substantially changes the claim, such amendment should not be permitted. The issue before this court is whether the error was such as to mislead the parties into thinking that another entity was meant to be served. The intent of the parties and their understanding can only be determined from the pleadings in the case. The plaintiff intended to sue the owner of the business known as Big G Automobile Service Center. Plaintiff's third amended petition alleged (1) that Robert L. Foote was the registered agent for service of process for Foote Equipment, Foote Tire, and Foote Realty; (2) that Robert L. Foote owned a majority of the stock in Foote Equipment, Foote Tire, and Foote Realty; (3) that Robert L. Foote was a director of Foote Equipment, Foote Tire, and Foote Realty; and (4) that Aetna Casualty & Surety Company was the liability insurance policy carrier for the three corporations and had issued the corporations the same policy number.

If we adopt the court's reasoning in *Nelson v. Glenwood Hills Hospitals, Inc.*, 240 Minn. 505, 513, 62 N.W.2d 73, 78 (1953), that "[i]f service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer," the decision of the district court should be reversed. However, if we conclude that the correction of the name of the corporate defendant was the substitution of one corporate entity for another, then the mistake would not be merely a misnomer, but a material error in the identity of the party, and the amendment should not be allowed. See *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988) (Shanahan, J.,

concurring).

The claim of the plaintiff arose out of the occurrence set forth in the original pleading, and the amendment related back to the date that the registered agent, Robert L. Foote, was served with the summons. Robert L. Foote was the registered agent for all of the corporations. He had notice from the beginning that the plaintiff was trying to sue the owner of the parking lot where the plaintiff fell. In the present case, the inference we draw is that Robert L. Foote was informed of the true facts involved as to the plaintiff's intentions. Foote was a director of and the registered agent for service of process for all of the corporations. Service of the summons and complaint resulted in the defendants' being fully informed as to the circumstances. Justice Holmes in *N. Y. Cent. R. R. v. Kinney*, 260 U.S. 340, 346, 43 S. Ct. 122, 67 L. Ed. 294 (1922), stated:

> [W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.

We are now given guidance by the Nebraska Supreme Court's decision in *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991). Applying the factors for the doctrine of relation back, we find (1) that the basic claim arose from the incident described in the original pleading and (2) that the defendants Foote Tire and Foote Realty had notice of plaintiff's claim in March 1987, within the prescribed limitations period. Defendants' counsel honestly and forthrightly conceded that notice to Robert L. Foote would have been notice to all of the defendants.

In our review of the ruling on a general demurrer, this court is required to accept as true all of the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992). The reasonable inference of fact is that the knowledge of the claim served upon Robert L. Foote was imputed to the defendants Foote Tire and Foote Realty within the period of limitations.

We find the trial court was wrong in sustaining the demurrer

of the defendants Foote Tire and Foote Realty, and we reverse the judgment dismissing the third amended petition of the plaintiff and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.